UNITED STATES of America,
Plaintiff-Appellee,

v.

Chris Baca MARTINEZ,
Defendant-Appellant.

No. 85–5237.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 1986.
Decided Dec. 22, 1986.

Monica Bachner, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Arthur Mabry, Los Angeles, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, GOODWIN and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

Chris Baca Martinez raises three issues on appeal: (1) whether the evidence presented at trial was sufficient to support her convictions of conspiracy to aid and abet the knowing procurement or attempted procurement of false evidence of citizenship, in violation of 18 U.S.C. § 371, and of aiding and abetting the knowing procurement or attempted procurement of false evidence of citizenship, in violation of 18 U.S.C. §§ 2(a) and 1425(a); (2) whether falsely procured evidence of citizenship must be used in order for a violation of 18 U.S.C. § 1425(a) to occur; and (3) whether interpreting 18 U.S.C. § 1425(a) to prohibit Martinez from knowingly procuring or attempting to procure false state birth certificates creates a federal offense in an area of exclusively state interest.

We will reverse a conviction on the basis of insufficient evidence only if we determine, viewing the evidence in the light most favorable to the Government, that no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *United States v. Harris,* 792 F.2d 866, 868 (9th Cir.1986); *see also Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, *reh'g denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979).

In order to establish the existence of a conspiracy the Government must demonstrate (1) an agreement between two or more persons to engage in criminal activity, (2) one or more overt acts in furtherance of the illegal purpose, and (3) the intent necessary to commit the underlying offense. *United States v. Reese,* 775 F.2d

1066, 1071 (9th Cir.1985). The record contains abundant evidence of each of these elements.

■ The record supports an inference that Martinez agreed with others to aid and abet the procurement of false "delayed registration" birth certificates by aliens not entitled by birth to citizenship, in violation of 18 U.S.C. §§ 2(a) and 1425(a). *See United States v. Abushi*, 682 F.2d 1289, 1293 (9th Cir.1982) (an agreement constituting a conspiracy may be inferred from the acts of the parties). The record shows that (1) Martinez' daughter, Juanita Chico, accompanied Martinez on at least one occasion while Martinez was soliciting "clients"; (2) Manuel Ramirez and Margarita Serrano Haro also participated in the solicitation of Martinez' "clients"; (3) ledgers kept by Martinez contained records of transactions between the "clients" and herself, Ramirez, and Haro; and (4) the Government's search of Martinez' house revealed that Martinez had the phone numbers of Ramirez and Haro in her possession.

This evidence, if believed, is sufficient to support a finding that overt acts were carried out by Martinez and others in furtherance of the illegal purpose.

■ The requisite intent in order for a person to violate 18 U.S.C. § 1425(a) is knowledge. A person must "knowingly" procure or attempt to procure false evidence of citizenship to be used unlawfully by someone not entitled to citizenship. Here, the record supports findings that the aliens who purchased false birth certificates from Martinez knew that the birth certificates were false *and* that her alien "clients" intended to use them to obtain citizenship unlawfully.

Viewing the record in the light most favorable to the Government, we find that any rational trier of fact could have found Martinez guilty of conspiracy. We affirm Martinez' conviction of conspiracy.

■ Any person who aids or abets the commission of an offense against the United States may be punished as a principal. 18 U.S.C. § 2(a). In this case, the principals who violated section 1425(a) were the aliens who, with Martinez' assistance, procured or attempted to procure false evidence of citizenship. The fact that the aliens were not convicted of violating section 1425(a) does not preclude Martinez' conviction of aiding and abetting their violations of the section. *See Standefer v. United States*, 447 U.S. 10, 20, 100 S.Ct. 1999, 2006, 64 L.Ed.2d 689 (1980) ("With the enactment of [18 U.S.C. § 2], all participants in conduct violating a federal criminal statute are … punishable for their criminal conduct; the fate of other participants is irrelevant.") (footnote omitted).

■ Viewing the record in the light most favorable to the Government, we find that any rational jury could properly find that Martinez aided and abetted multiple violations of section 1425(a). We affirm Martinez' conviction of aiding and abetting.

■ In addition to challenging the quantitative sufficiency of the Government's evidence, Martinez also challenges its qualitative sufficiency. Specifically, Martinez contends that section 1425(a) is violated only in cases where falsely procured evidence of citizenship has been used in some way. This is an issue of statutory interpretation, reviewable *de novo*. *United States v. Wilson*, 720 F.2d 608, 609 n. 2 (9th Cir.1983), *cert. denied*, 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984).

We reject the argument for three reasons. First, section 1425(a) does not explicitly provide for a "use requirement." Second, to construe the section as implicitly containing such a requirement would be inconsistent with the section's prohibition against the *attempted* procurement of false evidence of citizenship, since false evidence of citizenship that is not successfully procured cannot possibly be used. Third, even if section 1425(a) did contain an implicit "use requirement," the section would have been violated here. The record indicates that Eva Macias Lara used a "delayed registration birth certificate," pur-

chased from Martinez, to obtain a United States passport.

 Finally, Martinez argues that to interpret section 1425(a) to prohibit her from knowingly procuring or attempting to procure false state birth certificates would create a federal offense in an area of exclusively state interest. The evidence established that Martinez conspired to, and did, knowingly procure false birth certificates that were intended to be used unlawfully by aliens not entitled to citizenship. Such conduct is of a federal character. *United States v. Lopez*, 704 F.2d 1382, 1390 (5th Cir.1983).

AFFIRMED.