**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Hoyt CURTIS, Defendant– Appellant.**

No. 92–30235.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 1993 *.

Decided March 8, 1993.

Louis Dugas, Orange, TX, William P. Bryson, Anchorage, AK, for defendant-appellant.

J. Carol Williams, Jeffrey Kehne, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee.

Before: FARRIS and KLEINFELD, Circuit Judges, and EZRA, District Judge.**

DAVID ALAN EZRA, District Judge:

John Hoyt Curtis appeals his conviction for discharging a pollutant into the surface waters of the United States in violation of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a), 1319(c)(2)(A). He argues that the CWA does not apply to federal employees whose alleged violations occurred in the course of their employment. We reject the argument. Since Curtis is a "person" subject to the enforcement provisions of the

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); Ninth Circuit Rule 34–4.

** Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

CWA as defined in 33 U.S.C. §§ 1319(c)(6), 1362(5), we affirm.

## I. FACTS

John Hoyt Curtis was Fuels Division Director at Adak Naval Air Station in Alaska during the winter of 1988–89. In that capacity, Curtis managed several civilian employees who were responsible for storing and pumping various types of fuels used at Adak for generation of steam and electricity.

On September 21, 1991, Curtis was indicted on five counts of knowingly discharging a pollutant (jet fuel) into the surface waters of the United States in violation of sections 301(a) and 309(c)(1) of the Federal Water Pollution Control Act of 1972 (Clean Water Act), codified at 33 U.S.C. §§ 1311(a) and 1319(c)(1).[1]

Specifically, the government charged that on 41 separate occasions between October 1988 and February 1989, Curtis directed his subordinates to pump jet fuel through the pipeline connecting the main storage tanks to the steam and electrical generating plants, knowing at the time that the pumping would cause jet fuel to leak from an abandoned spur line. The government alleged that Curtis' actions ultimately caused the jet fuel to leak into an intermittent stream, some of which then flowed into Sweeper Creek and the Bering Sea.

Curtis moved to dismiss the indictment, contending, among other arguments, that he was not a "person" subject to the enforcement provisions of the Clean Water Act as defined in sections 309(c)(6) and 502(5). The district court denied Curtis' motion to dismiss.

After three days of deliberation, the jury found Curtis guilty on one count of knowingly discharging a pollutant and two counts of the lesser included offense of negligent discharge of a pollutant. He was found not guilty on the remaining two counts. The district court sentenced Curtis to ten months imprisonment on each count to be served concurrently.

Curtis contends that the district court erred in not dismissing the indictment. He contends that the Clean Water Act does not apply to federal employees whose alleged violations occurred in the course of their employment.

## II. STANDARD OF REVIEW

A district court's decision to deny a motion to dismiss an indictment based on its interpretation of a federal statute is reviewed de novo. *United States v. Dahms*, 938 F.2d 131, 133 (9th Cir.1991); *United States v. Martinez*, 806 F.2d 945 (9th Cir. 1986), *cert. denied*, 481 U.S. 1056, 107 S.Ct. 2197, 95 L.Ed.2d 852 (1987).

## III. ANALYSIS

33 U.S.C. § 1319(c)(2) provides in part:

> Any *person* who knowingly violates section 1311, 1312, 1316, 1317, 1318, 1321(b)(3), 1328, or 1345 of this title, or any permit condition or limitation implementing any of such sections in a permit issued under section 1342 of this title ... shall be punished by a fine of not less than $5,000 nor more than $50,000 per day of violation, or by imprisonment for not more than 3 years, or by both.... (emphasis added.)

The Clean Water Act defines person as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 1362(5).

Curtis contends that the Clean Water Act must be read *in para materia* with other environmental statutes, several of which explicitly include federal employees as individuals.[2] The failure to specifically include

---

1. The Clean Water Act prohibits the discharge of pollutants from any point source into the navigable waters of the United States unless such discharge complies with a permit issued by the EPA pursuant to the National Pollutant Discharge Elimination System (NPDES) or by an EPA authorized state agency. *See* 33 U.S.C. §§ 1311(a) and 1342. Section 1319(c)(2)(A) provides for criminal sanctions for "any person" who "knowingly" violates § 1311 or any NPDES permit.

2. Curtis cites Section 2(s) of the Federal Insecticide, Fungicide, and Rodenticide Act of 1972 ("FIFRA"), 7 U.S.C. § 136(s); Section 304(14) of

federal employees within the definitions of the CWA, Curtis suggests, was a deliberate decision made with knowledge of the inclusion of federal employees in the other statutes. When the CWA is read in comparison with these other statutes, Curtis argues, it demonstrates Congress' intent not to subject federal employees acting within the scope of their employment to criminal prosecution.

Normally, if the language of a statue is unambiguous, its plain meaning controls. *In re Perroton,* 958 F.2d 889, 893 (9th Cir.1992) ("If the language of the statute is clear and unambiguous, judicial inquiry is complete and that language controls absent rare and exceptional circumstances."); *Pyramid Lake Paiute Tribe v. U.S. Dept. of Navy,* 898 F.2d 1410, 1417 (9th Cir.1990); *U.S. v. Brittain,* 931 F.2d 1413, 1419 (10th Cir.1991), (holding that the unambiguous language of §§ 1319(c) and 1362(5) defines "individual" broadly to include city employees who willfully or negligently caused a violation of an NPDES permit).

The Fourth Circuit has considered a related claim of federal employee immunity and concluded that the term "individual" includes federal employees prosecuted in their individual capacities. *U.S. v. Dee,* 912 F.2d 741, 744 (4th Cir.1990) (federal employees acting in scope of employment not immune from prosecution under Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 *et seq.*).

■ Individual government employees are not ordinarily immune from prosecution for their criminal acts. *O'Shea v. Littleton,* 414 U.S. 488, 503, 94 S.Ct. 669, 679, 38 L.Ed.2d 674 (1974); *cf. Butz v. Economou,* 438 U.S. 478, 506, 98 S.Ct. 2894, 2910, 57 L.Ed.2d 895 (1978) ("all individuals, whatever their position in government are subject to federal law.").

■ Nothing in the CWA indicates that Congress intended to depart from this prin-

ciple. Section 313(a) of the CWA, which governs federal facilities pollution control, provides that

Each department, agency, or instrumentality of the executive, legislative, and judicial branches of the Federal Government ... and each officer, agent, or employee thereof in the performance of his official duties, shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable service charges. 33 U.S.C. § 1323(a).

Furthermore, section 313(a), the only section of the Act to mention federal employees, specifically excludes federal employees acting within the scope of their employment from civil liability but makes no mention of criminal liability. It provides in relevant part:

... No officer, agent, or employee of the United States shall be personally liable for any *civil* penalty arising from the performance of his official duties, for which he is not otherwise liable.... *Id.* (Emphasis added.)

The *in para materia* reading urged by Curtis is inappropriate where, as here, the statute is clear and unambiguous. If we were to go beyond the statutory language, we might as easily infer a negative pregnant from the federal employee civil exemption for criminal liability, as from the explicit inclusion of federal employees in other statutes. In any event, Curtis has not made a showing that Congress intended the CWA to be part of a statutory scheme. *See* 2B Norman J. Singer, *Sutherland Statutory Construction* § 51.01 at 118 (5th ed. 1992) ("[I]n the absence of some evidence that the legislators were cognizant of the other statutes the pre-

the Coastal Zone Management Act of 1972 ("CZMA"), 16 U.S.C. § 1453(14); Section 3(e) of the Marine Protection, Research and Sanctuaries Act of 1972 ("MPRSA"), 33 U.S.C. § 1402(e); Section 1401(12) of the Safe Drinking Water Act of 1974 ("SDWA"), 42 U.S.C. § 300f(12); and

Section 302(e) of the Clean Air Act ("CAA"), 42 U.S.C. § 7602(e).

Four of these statutes (all except FIFRA) specifically include employees and agents within their definitions of "person."

sumption [that the legislature was aware of prior legislation] should be rejected and the act not so construed *in para materia* unless all other means of determining the intent of the legislature have been exhausted.") Accordingly, we find no reason to depart from the plain meaning of the statute.

In accord with the statutes' plain meaning, individual federal employees acting within the course and scope of their employment are subject to criminal prosecution for violation of the Clean Water Act.

AFFIRMED.