NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50096 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-02342-BTM-2 |
| v. | |
| GERMAN RAMIREZ-GONZALEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50178 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-02342-BTM-3 |
| v. | |
| MARY ARAGON, AKA Mary Delgado, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Argued and Submitted March 4, 2021
Pasadena, California

Before:  GRABER and MILLER, Circuit Judges, and HILLMAN,** District Judge.

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants German Ramirez-Gonzalez and Mary Aragon (collectively, "Defendants") appeal their convictions for transporting an illegal alien or aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II), and three supervised release conditions imposed on Ramirez-Gonzalez. We affirm, except as to the challenged supervised release conditions.

1.  Because the Acting United States Attorney for the Southern District of California was validly appointed under 28 U.S.C. § 546(d), the United States had the legal authority to indict and prosecute Defendants. See CFPB v. Gordon, 819 F.3d 1179, 1187 (9th Cir. 2016) (applying *de novo* review to questions of constitutional law). We need not consider the constitutionality of Acting Attorney General Whitaker's appointment because, to be valid, "indictments need only be signed by 'an attorney for the government.'" See United States v. Gantt, 194 F.3d 987, 998 (9th Cir. 1999) (quoting Fed. R. Crim. P. 7(c)(1)) (overruled on other grounds by United States v. W.R. Grace, 526 F.3d 499, 506 (9th Cir. 2008)).

2. The Third Superseding Indictment did not prejudicially misstate the scienter element of the alien transportation statute when it charged that Defendants acted with "knowing and in reckless disregard" to violate federal immigration law. ER 1-2 (emphasis added). Defendants cannot show prejudice on plain error review

---

  **   The Honorable Timothy S. Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

because framing the indictment conjunctively to require both "knowing and in reckless disregard" worked to the Defendants' advantage by making it harder for the government to prove its case. See United States v. Leo-Maldonado, 302 F.3d 1061, 1064 (9th Cir. 2002) ("[R]eview of an untimely objection to the sufficiency of the indictment is limited to the plain error test.").

3.      Applying plain error review, United States v. Conti, 804 F.3d 977, 981 (9th Cir. 2015), the district court's jury instructions on aiding and abetting liability satisfied the rule announced in Rosemond v. United States that an accomplice must have advance knowledge of the crime so that he or she has the requisite intent to assist in its commission. 572 U.S. 65, 77-81 (2014).

4.      We review *de novo* the district court's denial of Defendants' Rule 29 motions for judgments of acquittal. See United States v. Goyal, 629 F.3d 912, 914 (9th Cir. 2010). Having considered the evidence presented by the Government at trial in the light most favorable to the prosecution, we agree that there was sufficient evidence for the jury to find beyond a reasonable doubt that Aragon not only aided and abetted co-Defendant Patara in the transportation, but also that she acted as a principal. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (providing standard for district courts to evaluate the sufficiency of evidence to support a criminal conviction). We also agree that there was sufficient evidence to show that Ramirez-Gonzalez aided and abetted Patara in transporting Lopez, an

undocumented passenger in Patara's car. Defendants can be convicted of aiding and abetting even though one alleged principal, co-Defendant Patara, was acquitted. As noted, the evidence sufficed to show that Aragon acted as a principal, and the government pressed that alternative theory at trial. Regardless of Patara's acquittal, inconsistent verdicts are not a ground for reversal in this case because the evidence sufficed to prove beyond a reasonable doubt that someone, whether Aragon or Patara, committed the underlying substantive crime. United States v. Martinez, 806 F.2d 945, 947 (9th Cir. 1986).

5. The district court committed plain error by imposing Standard Supervised Release Conditions 4, 5, and 13 on Ramirez-Gonzalez. See United States v. Vega, 545 F.3d 743, 747 (9th Cir. 2008) (applying plain error review to supervised release conditions not challenged at sentencing). We previously held those conditions to be unconstitutionally vague in United States v. Evans, 883 F.3d 1154, 1162 (9th Cir. 2018). Accordingly, we vacate Standard Supervised Release Conditions 4, 5, and 13 for Ramirez-Gonzalez and remand to the district court with instructions to issue an amended judgment consistent with our decision in Evans. Id. at 1162-64.

**AFFIRMED in part, REVERSED in part, and REMANDED as to Standard Supervised Release Conditions 4, 5, and 13.**