**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory Lewis HARDEN, aka: Clarence Decker, Defendant–Appellant.**

**No. 87–5058.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1988.

Decided May 19, 1988.

John D. Robertson, Robertson & Sherron, Los Angeles, Cal., for defendant-appellant.

Janet C. Hudson, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HUG, KOZINSKI and THOMPSON, Circuit Judges.

HUG, Circuit Judge:

The appellant, Gregory Lewis Harden, raises three issues in his appeal: ineffective assistance of counsel, insufficiency of the evidence to support his conviction, and that in applying the penalty enhancement provisions of 18 U.S.C.App. § 1202(a) (1982 & Supp. II 1984),[1] the district court should have viewed his three prior robbery convictions as a single conviction. Finding no merit to Harden's contentions, we affirm.

## I. FACTS

On the evening of January 8, 1986, Harden was seated in the driver's side of a white car parked in Los Angeles. Two police officers, who happened to be passing by, saw Harden with two other men, who were standing outside the car. One of the officers noticed that the man standing outside the passenger side had a gun. The police officers pulled up behind the white car and took the three men into custody. The police found a gun under the car and a loaded .22 caliber revolver on the floorboard of the passenger side. A bullet matching the revolver was found on the driver's side.

Harden told the police officers that the gun was his and that he carried it whenever he was in the "jungle." The police officers then took the three men to police headquarters. While being booked, Harden said that he had six or seven rounds of bullets in his front pants pocket. The police officers found six .22 caliber bullets

---

1. Section 1202(a) has since been repealed in favor of 18 U.S.C. §§ 921(a)(20), 922(g), and 924(e) (Supp. IV 1986).

plus a larger round in Harden's pocket. Harden was charged in a one-count indictment with possession of a firearm by a felon in violation of 18 U.S.C.App. § 1202(a)(1).[2]

At trial, Harden denied ever seeing the gun until the police pulled it out of the car, denied that it was his, and denied ever saying it was his. He also denied ever having any bullets in his pocket and testified that he did not know how they got there. At the close of the evidence, Harden moved for a new trial based on ineffective assistance of counsel. The motion was denied. A jury found him guilty as charged.

At the sentencing stage, Harden filed a memorandum arguing that his sentence should not be enhanced under section 1202(a)[3] because he had only one prior robbery conviction, not three. In an earlier proceeding, Harden had pled guilty to three robberies, which occurred in January and February of 1984. Harden argued that because he pled guilty to the three robberies at the same time, and he was sentenced to a single prison sentence, there actually was only one conviction. The district court was not persuaded and thus sentenced Harden to 15 years, which included an enhancement. This appeal follows.

## II. DISCUSSION

### A. *Ineffective Assistance of Counsel*

Harden alleges two errors by his trial counsel which rendered the defense ineffective and prejudiced his case pursuant to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Harden points to defense counsel's failure to present evidence that the white car was a rental car.

Second, Harden submits that defense counsel failed to call as a witness Donald Washington, who stated in an undated declaration that he, not Harden, was the owner of the gun.

To prevail on an ineffective assistance of counsel claim, Harden must demonstrate both that the counsel's performance fell below an objective standard of reasonableness, and that Harden suffered prejudice because of that failure. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. There must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

■ Whether the car was owned by Harden or was rented by him or someone else is irrelevant to the question of possession of a firearm by a felon. Moreover, not having this information in evidence did not prejudice Harden's case. The evidence against him was overwhelming. He was the sole occupant of the car, had six .22 caliber bullets in his pocket, and had admitted that the gun was his. The decision of defense counsel not to put into evidence that the car was a rental does not fall below the standard of objective reasonableness and, in any event, did not prejudice Harden's case.

■ Likewise, defense counsel's failure to call Donald Washington as a witness did not fall below the standard of effective assistance of counsel. Washington, one of the men who stood beside the white car, was arrested along with Harden. Washington was indicted for possession of the gun that was found beneath the car. He pled guilty and was awaiting sentencing at the time of Harden's trial. There is no evidence in the record which establishes

---

**2.** Section 1202(a)(1) reads in pertinent part as follows:

Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony ... and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

**3.** The relevant portion of section 1202(a) reads as follows:

In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....

that Washington would testify in Harden's trial. Furthermore, the decision not to call Washington as a witness appears to be a reasonable trial tactic. Washington was a convicted felon with numerous prior felony convictions. His credibility could have been at issue. Additionally, it is counterintuitive to suggest that Washington not only possessed the gun under the car, but also the revolver in the car for which Harden had matching bullets. The decision not to have Washington testify was not unreasonable. Furthermore, Harden's case was not prejudiced by this omission in light of the overwhelming evidence.

### B. *Sufficiency of the Evidence*

 Harden asserts that there was insufficient evidence to convict him of possession of a firearm. Harden is foreclosed from arguing this issue. As the Government properly points out in its brief, Harden did not preserve this issue on appeal because he failed to raise it at the district court level. *United States v. Curtis,* 568 F.2d 643, 647 (9th Cir.1978).

However, even if the issue were not foreclosed, Harden's argument is meritless. In this circuit, we will reverse on the basis of insufficient evidence only if, viewing the evidence in the light most favorable to the Government, we determine that no rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Martinez,* 806 F.2d 945, 946 (9th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 2197, 95 L.Ed.2d 852 (1987). Viewing the evidence presented to the district court in the light most favorable to the Government, we conclude that there was clearly sufficient evidence to support the conviction.

### C. *Enhancement Penalty Provision*

Harden next argues, as he did in his sentencing memorandum, that for purposes of the penalty enhancement provision of section 1202(a), his three prior robbery con-

victions should be viewed as a single conviction. Harden's assertion is disposed of by this court's recent decision in *United States v. Wicks,* 833 F.2d 192 (9th Cir. 1987). Harden had three prior robbery convictions based on three separate, distinct robberies. The fact that he pled guilty to them on the same date makes no difference, for, as we stated in *Wicks,* the requirement for the predicate convictions under section 1202(a) is satisfied by any "three predicate convictions, *whenever* obtained." *Id.* at 193 (emphasis added).

Finally, Harden asserts that under California law, prior convictions based on several counts of a single pleading are to be viewed as one conviction for the purpose of enhancement; *i.e.,* if the sentence is to be enhanced, then the charges must be brought and tried separately. *People v. Flint,* 180 Cal.App.3d 13, 225 Cal.Rptr. 323 (1986); Cal.Penal Code § 667 (West 1970 & Supp.1988).[4] His argument is misplaced. First, section 667's requirement that the charges be tried separately applies only to the enhancement scheme set forth in section 667. Second, and more importantly, California's enhancement scheme has no bearing on a question of federal law. This circuit has spoken on the section 1202(a) enhancement provision. *See Wicks,* 833 F.2d at 192. However California handles its enhancement provision is irrelevant to how enhancement is treated under federal law. Harden was convicted under a federal statute. His sentence then was enhanced under the federal statute. Federal law applies. *See United States v. Houston,* 547 F.2d 104, 106 (9th Cir.1976) (defendant is a felon for purposes of section 1202(a), even though his conviction is classified as a misdemeanor in California).

AFFIRMED.

---

**4.** Section 667 reads in pertinent part as follows: (a) [A]ny person convicted of a serious felony who previously has been convicted of a serious felony … shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each prior conviction on charges brought and tried separately.