892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vincent Harry HAYES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-15175.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hayes, a federal prisoner, appeals from the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence. Hayes contends that he was denied effective assistance of counsel during his trial. The district court denied his motion without an evidentiary hearing. We review both the district court's denial of a section 2255 motion and a claim for ineffective assistance of counsel de novo. United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989). We affirm.
 
 
 3
 A district court must hold an evidentiary hearing on the merits of a section 2255 motion unless "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The petitioner must make specific factual allegations that, if true, state a claim on which relief can be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985).
 
 
 4
 To demonstrate ineffective assistance of counsel, a defendant must show that the counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when the "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." Id. There is a strong presumption that a counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. If a petitioner's factual allegations fail to satisfy either the incompetence or the prejudice prong, the court may deny the section 2255 motion without a hearing. United States v. Birtle, 792 F.2d 846, 849 (9th Cir.1986).[1]
 
 
 5
 Hayes alleges that he was prejudiced by several of his counsel's errors, but he fails to show how any of these errors affected the outcome of his trial and thus fails to state a claim on which relief can be granted. See Schaflander, 743 F.2d at 717. Moreover, nothing in the record or in the section 2255 motion suggests that the defense counsel's actions were outside the wide range of professionally competent assistance. Strickland, 466 U.S. at 689. Therefore, the district court properly determined that a section 2255 evidentiary hearing was not required. See Birtle, 792 F.2d at 849.
 
 
 6
 First, Hayes claims that his counsel erred by calling only one of his four potential alibi witnesses. Because Hayes did not allege how the witnesses would have testified or how their testimony would have changed the outcome of his trial, he fails to state a claim. United States v. Berry, 814 F.2d 1406, 1409 (9th Cir.1987); Schaflander, 743 F.2d at 717-18 (no effective assistance of counsel when testimony is cumulative; must show prejudice); see also United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir.) (decision whether to call witnesses is matter of trial strategy), cert. denied, 109 S.Ct. 264 (1988); Gustave v. United States, 627 F.2d 901, 904 (9th Cir.1980) (mere criticism of trial tactic not sufficient to support charge of ineffective assistance of counsel).
 
 
 7
 Second, Hayes claims that his counsel erred by failing to request in advance the name of the government's witness who was called to rebut his alibi defense. This claim fails to establish ineffective assistance of counsel because the substance of the rebuttal witness's testimony was known by the defense. Eggleston v. United States, 798 F.2d 374, 376 (1986). Moreover, Hayes fails to establish what additional information would have been gained if his attorney had requested the names of the rebuttal witness. See Eggleston, 798 F.2d at 376.
 
 
 8
 Third, Hayes claims that his counsel erred by failing to object to false testimony given by one of the eyewitnesses and by failing to thoroughly cross-examine the eyewitnesses. Mere criticism of a counsel's trial strategy is insufficient to support a claim of ineffective assistance of counsel. United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.) (failure to cross-examine witness or call defense witnesses), cert. denied, 474 U.S. 979 (1985). Moreover, Hayes failed to demonstrate how the result of the trial would have been different if his counsel had not erred. Id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government alleges that Hayes is not entitled to a hearing because he failed to raise the issue of ineffective assistance of counsel in his direct appeal of his conviction. Appellee's Brief at 6. This court has held repeatedly, however, that a claim for ineffective assistance of counsel should be brought in a section 2255 motion rather than on direct appeal. See, e.g., United States v. San Clemente-Bejarano, 861 F.2d 206, 211 (9th Cir.1988)