967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Luis MENDOZA-GONZALES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16238.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Jose Luis Mendoza-Gonzales (Mendoza) challenges pro se the district court's dismissal of his motion to vacate his sentence under 28 U.S.C. § 2255. Mendoza contends (1) that there was insufficient evidence to convict him of conspiracy to possess and possession of heroin with the intent to distribute, and (2) that his defense counsel was ineffective.[1] We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's decision denying section 2255 relief. United States v. Quan, 789 F.2d 711, 713 (9th Cir.), cert. denied, 107 S.Ct. 16 (1986). We affirm.
 
 I. Sufficiency of the Evidence
 
 3
 Mendoza complains that there was insufficient evidence to convict him of conspiracy to possess and possession of heroin. Mendoza did not raise this objection at trial, however, nor did he raise the issue on direct appeal.
 
 
 4
 The Supreme Court has held that "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167 (1982); cf. United States v. Harden, 846 F.2d 1229, 1232 (9th Cir.1988) (defendant foreclosed from raising sufficiency of the evidence claim on direct appeal where he failed to raise the claim at the district court level).
 
 
 5
 Mendoza has not shown cause for the procedural default, nor does he allege any prejudice. Because Mendoza raises this challenge for the first time in his section 2255 motion, the district court properly dismissed the motion as to this claim. See Frady, 456 U.S. at 167.
 
 II. Ineffective Assistance of Counsel
 
 6
 Mendoza next contends that he received ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceedings would have been different. Id. at 694. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689.
 
 
 7
 Mendoza first contends that he was rendered ineffective assistance of counsel because defense counsel failed to move for a judgment of acquittal on the ground that there was insufficient evidence to sustain the convictions for intent to possess and possession of heroin. The record is replete with evidence of Mendoza's direct involvement in heroin distribution. There is no reasonable probability Mendoza would have prevailed on a motion for mistrial. See Strickland, 466 U.S. at 694. Accordingly, Mendoza was not prejudiced by his counsel's failure to move for a judgment of acquittal. See id. at 687, 694.
 
 
 8
 Mendoza next alleges that he was denied effective assistance of counsel because defense counsel did not locate witnesses willing to testify that he and his co-conspirator were social acquaintances. Mendoza can show no prejudice on this claim because whether or not Mendoza and his co-conspirator were social acquaintances is irrelevant to the existence of the underlying conspiracy to possess heroin. See id. at 687, 694.
 
 
 9
 Finally, Mendoza argues he was denied effective assistance of counsel because defense counsel failed to interview two potential witnesses deported before trial. Mendoza does not, however, allege the manner in which the hypothetical testimony of these two witnesses would have aided his defense. Mendoza has not overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance, and he has shown no prejudice from counsel's failure to interview the deported witnesses. See id. at 689, 694.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Mendoza raised issues concerning the deportation of defense witnesses before the district court that he does not raise on appeal. Accordingly, we do not consider these issues here. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)