46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rick Alan GONZALES, Petitioner-Appellant,
v.
Wayne ESTELLE; Attorney General of the State of California,
Respondents-Appellees.
 No. 93-55862.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Decided Feb. 8, 1995.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rick Alan Gonzales, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus. Gonzales was convicted under California state law of rape; oral copulation with a child under fourteen years of age; two counts of forcible lewd acts with a child under fourteen; kidnapping; and willful cruelty to a child. Additionally, he was found to have committed these offenses while in possession of a deadly weapon. He was sentenced to ten years imprisonment. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253 and review de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). We affirm.
 
 
 3
 Gonzales contends that he was deprived of a fair trial, claiming: (1) the prosecutor's improper investigative use of statements protected by use immunity; (2) ineffective assistance of counsel; (3) newly discovered evidence indicating that the victim had lied, thus impeaching her crucial prosecution testimony; and (4) prosecutorial misconduct at trial and in closing argument.
 
 
 4
 (1) Gonzales first argues that the prosecution made unlawful use of statements he made during a police internal affairs interview because such statements are compelled and therefore entitled to use immunity. Respondent argues that statements required under Cal.Gov't Code Sec. 3303 are not compelled and do not come within the Supreme Court holding in Garrity v. New Jersey, 385 U.S. 493, 496-500 (1967) and Lefkowitz v. Turley, 414 U.S. 70, 79-85 (1973). In those cases, the Supreme Court held that a state statute compelling statements requires a grant of immunity to avoid violation of the Fifth Amendment privilege against self-incrimination.
 
 
 5
 Contrary to the state's argument, the California Supreme Court, analogizing Sec. 3303 to the state statutes considered in Garrity and Lefkowitz, has construed the statute as compelling testimony and thus requiring immunity under the federal constitution. Lybarger v. City of Los Angeles, 710 P.2d 329, 333 (Cal.1985) (en banc). In United States v. Koon, 34 F.3d 1416, 1431 (9th Cir.1994), we concluded that statements made by police officers in practically identical circumstances are considered compelled and are entitled to use immunity under Kastigar v. United States, 406 U.S. 441, 460-61 (1972).
 
 
 6
 Gonzales claims that the prosecution made improper use of these immunized statements by interviewing and obtaining witnesses' statements that were later used to impeach those same witnesses, and thereby gained an impermissible trial advantage based on Gonzales' immunized statements. We find no merit in this claim. It was defense counsel and not the prosecution that first raised on direct examination the interviews and the statements now challenged. Defense counsel intended to corroborate other prior statements of the witnesses and to explain the original statements. In view of this line of questioning of the witnesses on direct, the prosecution's subsequent inquiry into the interviews and his impeachment use of the prior statements was not improper. Gonzales' defense strategy of inquiring on direct examination into the interviews and statements in order to explain and corroborate the witnesses' later statements waived any immunity those statements would otherwise have had. Fed.R.Evid. 611(b); United States v. Arias-Villanueva, 998 F.2d 1491, 1508 (9th Cir.), cert. denied, 114 S.Ct. 369, and cert. denied, 114 S.Ct. 573 (1993). Gonzales' claim of error is without merit.
 
 
 7
 (2) Gonzales argues ineffective representation of counsel on a variety of grounds.
 
 
 8
 First, Gonzales claims that his trial counsel had a conflict of interest violating his Sixth Amendment right. Gonzales alleges that his counsel and his counsel's firm represented the sheriffs' union in contract negotiations. To establish a Sixth Amendment conflict of interest, Gonzales must show "1) that counsel actively represented conflicting interests, and 2) that an actual conflict of interest adversely affected his lawyer's performance." Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir.), cert. denied, 488 U.S. 908 (1988). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Strickland v. Washington, 466 U.S. 668, 689 (1984). Gonzales' arguments asserting the adverse effect of this alleged actual conflict of interest consist of irrelevant or conclusory allegations of the adverse nature of his lawyer's actions, and do not give rise to a constitutional claim. See O'Bremski v. Maass, 915 F.2d 418, 422-23 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991). Thus, Gonzales has failed to satisfy Mannhalt by failing to provide evidence that would support a finding of prejudice. We find that the district court did not abuse its discretion in denying Gonzales an evidentiary hearing on this issue. See Greyson v. Kellam, 937 F.2d 1409, 1412, 1415 (9th Cir.1991).
 
 
 9
 Gonzales also argues that his counsel was ineffective. To establish ineffective assistance of counsel, the appellant must prove that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88, 691-92; Bland v. California Dep't of Corrections, 20 F.3d 1469, 1478 n. 8 (9th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 357 (1994). Gonzales has failed to establish that the attorney's actions fell outside his attorney's broad professional discretion. Strickland, 466 U.S. at 689. Thus, appellant has not shown that the attorney's actions were unreasonable. See United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir.), cert. denied, 488 U.S. 910 (1988).
 
 
 10
 The third claim of the appellant relates to his attorney's failure to file a motion to suppress evidence obtained by the use of immunized statements and his failure to rehabilitate the impeached witnesses discussed in (1) above. As noted above, claims of ineffective assistance of counsel are reviewed for whether there is a reasonable probability that the outcome at trial would have been different.
 
 
 11
 In accord with the standard set out in Strickland, we conclude that, in view of the significant evidence adduced at trial against the defendant, suppression of the previous impeaching testimony of the witnesses would not with reasonable probability have led to a different outcome at trial. Furthermore, defense counsel was able to, and did in fact, counter the effect of impeachment by asking the witnesses about prior statements consistent with their testimony at trial. Any further rehabilitation that was neglected would not with any reasonable probability have altered the outcome of the trial. Thus, the appellant has failed to satisfy the requirement of Strickland. The district court's denial of an evidentiary hearing on any of these ineffective assistance of counsel claims was not an abuse of discretion.
 
 
 12
 (3) Gonzales also asserts that he is entitled to habeas corpus relief based on newly discovered evidence.[1] In Herrera v. Collins, --- U.S. ----, 113 S.Ct. 853, 860 (1993), the Supreme Court held "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." See also Swan v. Peterson, 6 F.3d 1373, 1384 (9th Cir.1993), cert. denied, --- U.S. ----, 115 S.Ct. 479-80 (1994). Based on our review of the legal issues and the presumptions proper to the state court's factual findings, we conclude there was no constitutional violation of due process in the state court evidentiary hearing in which petitioner's claim was rejected on the merits. 28 U.S.C. Sec. 2254(d) (1988); Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 870 (1992). Since Gonzales has established no claim of an independent constitutional violation, his claim of innocence based solely on newly discovered evidence is not cognizable in a federal habeas corpus action. The district court's denial of an evidentiary hearing on this issue was not an abuse of discretion.
 
 
 13
 (4) Gonzales argues that he was deprived of his due process right to a fair trial by prosecutorial misconduct. Gonzales asserts that "[t]hroughout closing arguements (sic) and trial the prosecutor repeatedly made improper arguements (sic). He personalized closing arguements (sic), implied he knew more than was presented in the court, enhanced the victims (sic) credibility, and generally went inside and outside the record at will." Granting that at times the prosecutor did engage in improper argumentation, much of that error was remedied by the prosecutor's correction of his improper remarks to the jury upon defense counsel's objection. Review of the record indicates no remaining error that had "substantial and injurious effect or influence in determining the jury's verdict" as is required to establish reversible trial error in a habeas corpus action. See Brecht v. Abrahamson, --- U.S. ----, 113 S.Ct. 1710, 1722 (1993) (internal quotation omitted); Castillo v. Stainer, 997 F.2d 669, 669 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 609 (1994).[2]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for submission on the briefs and without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except pursuant to 9th Cir.R. 36-3
 
 
 [1]
 Respondent argues that Gonzales has not exhausted this claim in state court proceedings. In his second petition for review by the California Supreme Court, No. EOO7606, (Exhibit. E to Traverse), the appellant clearly presented his claim for habeas relief based on newly discovered evidence. This petition was subsequently denied by the California Supreme Court. Since the ultimate nature of the claim made by the appellant in state and federal court remains the same, namely, relief based on newly discovered evidence, we find that he has exhausted his claim. See Henry v. Estelle, 33 F.3d 1037, 1040 (9th Cir.1994)
 
 
 [2]
 In Castillo, 997 F.2d 669 (9th Cir.1993), we found that Brecht puts the burden on the petitioner to prove harm. Other circuits have held that the burden is on the government to show that the effect was not substantial and injurious. The Supreme Court has granted certiorari to determine which party bears the burden. See O'Neal v. McAninch, 114 S.Ct. 1396 (1994) reported below in O'Neal v. Morris, 3 F.3d 143, 145 (6th Cir.1993). Should the Supreme Court decide that the burden is on the prosecution, we conclude that the prosecution has successfully carried that burden in the present case