87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margarito SANTEYAN, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director; Arizona Attorney General, of the
state of Arizona, Respondents-Appellees.
 No. 95-17379.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Margarito Santeyan appeals the denial of his 28 U.S.C. § 2254 petition challenging his conviction and sentence for possession of narcotics and narcotics paraphernalia. Santeyan contends that the district court erred by denying his claims that (A) he received ineffective assistance of counsel; (B) the state court's failure to suppress evidence violated due process; and (C) statements made by the prosecutor at trial violated due process. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's denial of a section 2254 petition. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm.[1]
 
 A. Ineffective Assistance of Counsel
 
 3
 Santeyan alleges three errors by his trial counsel: (1) the failure to call Santeyan's brother as a witness; (2) the failure to independently test the syringe found in Santeyan's pocket; and (3) the failure to inform Santeyan that he could have been present at the grand jury proceedings.
 
 
 4
 To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice because of that failure. Strickland v. Washington, 466 U.S. 668, 687 (1984). A strong presumption exists that counsel's conduct falls within the wide range of reasonable professional competence. Id. at 688. A tactical decision with which the defendant disagrees does not create an ineffective assistance of counsel claim. Id. at 689. The decision to call a witness is a tactical decision. See United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir.), cert. denied, 488 U.S. 910 (1988); People of Territory of Guam v. Santos, 741 F.2d 1167, 1168 (9th Cir.1984).
 
 
 5
 Here, Santeyan contends that counsel's performance was deficient for failing to call his brother as a witness in order to contradict the officers' testimony regarding their prior contact with Santeyan. We disagree because Santeyan provides no affidavit from his brother outlining his testimony regarding the prior contact with the officers and the decision to call a witness rests within the sound discretion of counsel. See Harden, 846 F.2d at 1231-32; Santos, 741 F.2d at 1169.[2]
 
 
 6
 Santeyan also contends that counsel's performance was deficient because he failed to independently test the syringe for fingerprints and blood type. We disagree. Santeyan was charged with possession of drug paraphernalia, i.e., possession of the syringe. Santeyan defended the action by maintaining that the syringe did not belong to him and suggesting that the state had not proved the elements of the crime because it had failed to provide tests showing that Santeyan's fingerprints or blood was in the syringe. Thus, we cannot say that counsel's tactical decision not to independently test the syringe fell outside the standards of competence. See Strickland, 466 U.S. at 689.
 
 
 7
 Finally, we reject Santeyan's contention that counsel's performance was ineffective because he failed to advise Santeyan that he could be present at the grand jury proceedings. Santeyan provides no evidence that his presence would have altered the outcome of the grand jury proceedings. Indeed, Santeyan provides no evidence even that he would have testified before the grand jury. Thus, counsel's failure to advise Santeyan that he could be present at the grand jury proceedings did not prejudice him. See id. at 688.
 
 B. Suppression Claim
 
 8
 Santeyan contends that the state court erred by denying his suppression motion. We disagree.
 
 
 9
 Suppression claims are not cognizable on federal habeas when the state has provided an opportunity for full and fair litigation of the claim. Stone v. Powell, 428 U.S. 465, 494 (1976). Stone 's restriction on federal habeas, however, does not apply to Sixth Amendment ineffective assistance of counsel claims founded principally on incompetent representation with respect to a Fourth Amendment claim. Kimmelman v. Morrison, 477 U.S. 365, 382-83 (1986).
 
 
 10
 Because we already have held that Santeyan's counsel was not deficient, we reject Santeyan's claim that his suppression claim is cognizable in federal habeas under Kimmelman.[3] The state trial court denied the suppression motion following full hearing. The ruling was affirmed on appeal and Santeyan's petition for review before the state supreme court was denied. Accordingly, because Santeyan has not established that he was denied a full and fair hearing on his suppression claim in state court, his Fourth Amendment claim is not cognizable on federal habeas. See Stone, 428 U.S. at 494.
 
 C. Prosecutorial Misconduct
 
 11
 Santeyan contends that the prosecutor impermissibly vouched for the officers' testimony during closing argument. We disagree.
 
 
 12
 Generally, a prosecutor may not express his belief in the credibility of government witnesses. United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993). Improper vouching occurs when the government's prestige is placed behind a witness through personal assurances of the witness's veracity. Id.
 
 
 13
 Here, Santeyan points to the following statement by the prosecutor:
 
 
 14
 In a sense, what counsel is saying, is that these officers didn't tell you the truth; that these officers to [sic] the witness to the stand, to [sic] the oath, put their careers and livelihood in jeopardy by not telling the truth; by committing a crime, committing perjury.
 
 
 15
 Ladies and gentlemen of the jury, why would they do that? What motive do they have? Why would they do that to him? I submit to you that they didn't.
 
 
 16
 This statement is not vouching. Instead, the prosecutor, in response to defense counsel's suggestion that the officers were lying about the syringe being in Santeyan's pocket, merely argued that the officers were telling the truth. This was an argument necessary in order to convict Santeyan of possession of drug paraphernalia. Accordingly, these statements do not reflect that the government is assuring the officers' veracity. See id. at 1279 ("I submit" statements not vouching).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1966 applies to this appeal
 
 
 [2]
 Santeyan also asserts that the district court erred by denying his petition without conducting an evidentiary hearing regarding counsel's failure to call his brother as a witness. We disagree. The district court may deny a petition without an evidentiary hearing when the petitioner's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. Baumann v. United States, 692 F.2d 565, 570-71 (9th Cir.1982) (28 U.S.C. § 2255 motion). Here, even assuming that there was no tactical reason for trial counsel's decision not to call Santeyan's brother as a witness, Santeyan has failed to show that counsel's omission prejudiced him. Santeyan asserts that his brother's testimony would have conflicted with that of the police officers regarding a single prior incident between Santeyan and the officers. The record reveals, however, that each of the police officers testified that he had observed Santeyan on at least two or three occasions prior to the arrest. Thus, Santeyan fails to show how the failure to call his brother as a witness prejudiced him. Accordingly, the district court did not abuse its discretion by denying Santeyan an evidentiary hearing. See id
 
 
 [3]
 We also note that Santeyan's Sixth Amendment claims did not concern his suppression motion