**Michael D. JACOBS, Petitioner–Appellant,**

v.

**E.K. MCDANIEL, Respondent–Appellee.**

No. 99–16438.
D.C. No. CV–97–00187–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 21, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS and RAWLINSON, Circuit Judges.

MEMORANDUM [2]

Nevada state prisoner Michael D. Jacobs appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition alleging that his trial counsel was ineffective for failing to call several witnesses at trial. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review a district court's denial of a habeas petition de novo. *See Johnson v. Baldwin*, 114 F.3d 835, 838 (9th Cir.1997). Under the Antiterrorism and Effective Death Penalty Act of 1996, we may only disturb a state court's determination of law if it resulted in a decision which was contrary to or an unreasonable application of clearly established Federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1519, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274, 69 U.S.L.W. 3156 (2000). A claim of ineffective assistance of counsel is examined under the "unreasonable application" prong of § 2254(d). *See Weighall v. Middle*, 215 F.3d 1058, 1062 (9th Cir.2000).

Jacobs contends that his trial counsel rendered ineffective assistance by failing to call Gerald Childs as a witness. This contention is without merit. At an evidentiary hearing in state court, counsel stated that he chose not to call Childs as a witness because he was subject to strong impeachment and because his testimony could open the door to inculpatory evidence. Because Jacobs has not overcome the strong presumption that this was a reasonable tactical decision and sound trial strategy, *see Strickland v. Washington*, 466 U.S. 668, 687–90, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we cannot say that the state court's denial of this claim was clearly erroneous, *see Williams*, 120 S.Ct. at 1519; *Van Tran*, 212 F.3d at 1153–54.

Jacobs also contends that counsel rendered ineffective assistance by failing to call Michael Prowell as a witness. This contention is also without merit. The evidentiary hearing established that Prowell was also subject to strong impeachment and that counsel obtained similar beneficial testimony from a more credible witness. Jacobs has not overcome the strong presumption that counsel's failure to call Prowell was a sound tactical decision. *See Strickland*, 466 U.S. at 687–90, 694; *United States v. Harden*, 846 F.2d 1229, 1232 (9th Cir.1988) (counsel's failure to call a witness who is subject to impeachment is not ineffective assistance). Thus, we cannot say that the state court's denial of this claim was clearly erroneous. *See Williams*, 120 S.Ct. at 1519; *Van Tran*, 212 F.3d at 1153–54.

Accordingly, because Jacobs has not demonstrated that the state court's denial of this habeas petition was clearly erroneous, the district court properly denied his petition. *See Williams*, 120 S.Ct. at 1519; *Van Tran*, 212 F.3d at 1153–54; *Johnson v.*, 114 F.3d at 838.

AFFIRMED.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.