Bryan BLANTON, Petitioner—
Appellant,

v.

Jose BARRON, Warden, Respondent—
Appellee.

No. 02–56849.
D.C. No. CV–00–02115–FMC.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 8, 2003.*

Decided Aug. 8, 2003.

Before NOONAN, TALLMAN, and
RAWLINSON, Circuit Judges.

MEMORANDUM**

Federal prisoner Bryan Blanton appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction. We affirm.

Blanton claims he was denied the effective assistance of counsel because his attorney, Michael Meza, failed to interview co-defendant David Dorsey or call Dorsey as a witness at trial. We disagree. Two weeks before Blanton's trial, Meza contacted Dorsey's attorney in an attempt to obtain Dorsey's testimony and was informed that Dorsey would not testify on Blanton's behalf because Dorsey feared self-incrimination. When Dorsey finally left a voice-mail message for Meza indicating that he would be willing to testify, Blanton's trial

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

had already commenced. Two other co-defendants, when pleading guilty, had inculpated Blanton in the robbery by accepting the prosecutor's recitation of the facts. The strategic decision not to pursue the testimony of a co-defendant on these facts was reasonable. *See United States v. Harden,* 846 F.2d 1229, 1232 (9th Cir.1988). Meza's representation of Blanton was "within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Blanton next argues that the trial court improperly instructed the jury that it need not determine beyond a reasonable doubt whether there was a bank robbery. Blanton neither objected to the instruction at trial, nor did he challenge the instruction on appeal. He must therefore demonstrate cause excusing his procedural default as well as actual prejudice. *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Blanton was not prejudiced by the instruction. Blanton's guilt or innocence hinged on whether he *knew* his co-defendants planned to rob the Bank of America when he drove them to the scene of the crime, not whether there was in fact a robbery. Blanton never disputed at trial that a bank robbery had in fact occurred. To the contrary, Blanton's counsel stated in closing arguments that "[t]here was clearly a bank robbery." This argument is frivolous.

**AFFIRMED.**