**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Juan RAMIREZ–HERNANDEZ,
Defendant–Appellant.**

No. 07–10027.

United States Court of Appeals,
Ninth Circuit.

cation and is not precedent except as provid-

Submitted June 14, 2007.*

Filed June 26, 2007.

Before: BYBEE, M. SMITH, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Appellant Jose Juan Ramirez–Hernandez was convicted following a jury trial for failure to report exporting monetary instruments in violation of 31 U.S.C. § 5316(a) and bulk cash smuggling in violation of 31 U.S.C. § 5332. He appeals the district court's denial of his motion for a new trial on the grounds of ineffective assistance of counsel. Because the parties are familiar with the facts of this case, we do not separately recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Ramirez–Hernandez's conviction.

Ramirez–Hernandez has failed to demonstrate that the performance of his trial counsel was deficient under the applicable standard set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, he has not shown that his counsel's alleged failure to: (1) effectively consult with him and prepare his testimony; (2) oppose the government's motion in limine; (3) call his mother to testify as to the ownership of the money and its intended use; (4) investigate the audiocassette recording of his interrogation or effectively consult with him concerning its contents; and (5) visit or conduct an investigation of the scene of his arrest constituted a deficient performance. Furthermore, Ramirez–Hernandez has established that his

Reese V. Bostwick, Esq., Office of the U.S. Attorney, Evo A. Deconcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Lupe Martinez, Esq., Law Offices of Lupe Martinez, San Jose, CA, for Defendant–Appellant.

ed by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

counsel's deficient performance, if any, prejudiced his defense. *See United States v. Pino–Noriega,* 189 F.3d 1089, 1095 (9th Cir.1999) (a defendant waives his right to testify when he remains silent in the face of his attorney's decision not to call him as a witness); *United States v. Harden,* 846 F.2d 1229, 1231–32 (9th Cir.1988) (finding counsel's decision not to call a witness whose credibility was questionable was a reasonable trial tactic); *United States v. Molina,* 934 F.2d 1440, 1447 (9th Cir.1991) (finding that it was "not professionally unreasonable to decide not to file a motion that was so clearly lacking in merit").

Ramirez–Hernandez's claim that there was an irreconcilable conflict between him and his attorney is also meritless. There is no evidence of any conflict in the record. Furthermore, his counsel's failure to inquire into Ramirez–Hernandez's mother's spiritualist's theory explaining why Ramirez–Hernandez was arrested was not objectively unreasonable, and Ramirez–Hernandez has not demonstrated how he was prejudiced by such failure.

**AFFIRMED.**