**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE PASSALACQUA,

                Petitioner - Appellant,

v.

MIKE MCDONALD,

                Respondent - Appellee.

No. 14-56674

D.C. No. 2:12-cv-02430-AG-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted May 3, 2016
Pasadena, California

Before: FISHER, M. SMITH and NGUYEN, Circuit Judges.

    Jose Passalacqua appeals the district court's denial of his federal habeas

petition collaterally challenging his conviction for kidnapping and raping a 16-

year-old girl.  He contends he received ineffective assistance because defense

counsel failed to present evidence that the victim both lied about locking herself in

---

    [*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Passalacqua's bathroom and could have been suffering side-effects from her Lexapro medication. The state argues Passalacqua's claim is untimely and fails on the merits. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

We review de novo the denial of a habeas petition, *see Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir. 2000), including whether the petition was timely, *see Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). Deference to the state court's determination is required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d)(1). The California Supreme Court's denial of Passalacqua's petition without holding an evidentiary hearing meant the court determined that, assuming his factual allegations were true, Passalacqua was not entitled to relief. *People v. Duvall*, 9 Cal. 4th 464, 474-75 (1995). Under AEDPA, we cannot grant relief unless that determination was unreasonable. *See Nunes v. Mueller*, 350 F.3d 1045, 1054-55 (9th Cir. 2003).

**1.** The ineffective assistance claim was timely. The parties agree the claim is not time-barred if Passalacqua receives equitable tolling for the period between the state trial court's denial of his habeas petition and his appeal of that ruling. So long as he "acted diligently in the matter," Passalacqua was entitled to equitable tolling for this period because he was unaware the state court had denied his petition. *Ramirez*, 571 F.3d at 997 (quoting *Woodward v. Williams*, 263 F.3d

2

1135, 1143 (10th Cir. 2001)). Passalacqua acted diligently by checking the status of his petition about six months after filing it, *see Fue v. Biter*, 810 F.3d 1114, 1117 (9th Cir. 2016) ("[C]ourts have generally determined that a prisoner who delayed fewer than ten months before inquiring into the status of his case acted with sufficient diligence . . . ."), and timely filing an appeal after receiving notice of the denial.

2.     The California Supreme Court reasonably could have concluded counsel's performance did not "f[a]ll below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). This case is distinguishable from *Hart v. Gomez*, 174 F.3d 1067, 1071 (9th Cir. 1999), where "there [wa]s no reasonable strategy" for failing to present additional testimony to corroborate the defense's theory. It arguably would have been a "reasonable trial tactic" not to present testimony on the bathroom lock from family members and a close acquaintance because their credibility "could have been at issue." *United States v. Harden*, 846 F.2d 1229, 1232 (9th Cir. 1988). Moreover, although Passalacqua alleged it was possible the victim was suffering side-effects from Lexapro, he nowhere alleged the likelihood of that possibility or the likelihood the side-effects actually caused her to fabricate or hallucinate the rape. Especially in light of Passalacqua's own expert's statement that Lexapro can sometimes improve

3

judgment, it was arguably reasonable not to pursue testimony on the side-effects of Lexapro. *See Harrington v. Richter*, 562 U.S. 86, 108 (2011) ("An attorney need not pursue an investigation that would be fruitless . . . .").

It also would have been reasonable to conclude counsel's failure to introduce testimony on the bathroom lock and Lexapro did not "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Defense counsel vigorously cross-examined the victim and exposed substantial inconsistencies in her testimony, then catalogued those inconsistencies at closing, stressing how her testimony was irreconcilable with other evidence. The jury nevertheless credited the victim's testimony; moreover, other evidence corroborated the key details that she had fellated Passalacqua and cried loudly. In these circumstances, that counsel failed to add relatively minor or speculative impeachment evidence about the bathroom lock and Lexapro arguably did not prejudice the defense. *See Davis v. Woodford*, 384 F.3d 628, 642 (9th Cir. 2004) ("[I]t is almost impossible to believe that a jury – already aware that [the witnesses'] credibility was an issue – would have decided the guilt phase differently had it known [the witness] lied [about a minor incident].").

**AFFIRMED.**