**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

STEVEN PELESASA FUE,
    *Petitioner-Appellant*,

v.

MARTIN BITER, Warden,
    *Respondent-Appellee*.

No. 12-55307

D.C. No.
2:11-cv-02436-
DMG-MRW

OPINION

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted En Banc September 8, 2016
San Francisco, California

Filed November 17, 2016

Before: Sidney R. Thomas, Chief Judge, and Alex
Kozinski, Barry G. Silverman, M. Margaret McKeown,
William A. Fletcher, Richard A. Paez, Richard C. Tallman,
Richard R. Clifton, Jay S. Bybee, N. Randy Smith and
Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Bybee

# SUMMARY*

## Habeas Corpus

The en banc court reversed the district court's judgment dismissing as untimely California state prisoner Steven Fue's federal habeas corpus petition, and remanded for further proceedings, in a case in which Fue argues that he is entitled to equitable tolling because the California Supreme Court never notified him that it had denied his state habeas petition.

The en banc court held that Fue's lack of knowledge of the denial, if proven, would entitle him to equitable tolling, and remanded for further factual development on whether Fue received notice of the denial.

The en banc court wrote that Fue could reasonably have expected to be notified once the California Supreme Court ruled on his petition, and that his decision to contact the court about the status of his case after fourteen months shows diligence, not a lack thereof.

The en banc court wrote that to the extent this court has required that petitioners must demonstrate that it was "impossible" to file a timely petition, such a requirement is inconsistent with the requirement in *Holland v. Florida*, 560 U.S. 631 (2010), that a habeas petitioner demonstrate only that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing.

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Michael Tanaka (argued), Deputy Federal Public Defender; Sean K. Kennedy, Federal Public Defender; Office of the Federal Public Defender, Los Angeles, California, for Petitioner-Appellant.

David F. Glassman (argued) and Yun K. Lee, Deputy Attorneys General; Scott A. Taryle, Supervising Deputy Attorney General; Lance E. Winters, Senior Assistant Attorney General; Dane R. Gillette, Chief Assistant Attorney General; Kamala D. Harris, Attorney General; Office of the Attorney General, Los Angeles, California, for Respondent-Appellee.

**OPINION**

BYBEE, Circuit Judge:

After the California Supreme Court denied Steven Fue's direct appeal from his conviction for carjacking, Fue had one year in which to file a federal habeas corpus petition. Instead, Fue filed a state habeas petition, which tolled the time for filing his federal petition. When Fue finally filed his federal habeas petition, the district court dismissed it as untimely. Fue argues that he is entitled to equitable tolling because the California Supreme Court never notified him that it had denied his state petition. We hold that Fue's lack of knowledge of the denial, if proven, would entitle him to equitable tolling. Accordingly, we reverse the judgment of the district court and remand for further proceedings.

                                I

    Fue was sentenced to twenty-six years in state prison after
a jury found him guilty of carjacking, second degree robbery,
possession of a firearm by a felon, and unlawful driving of a
vehicle.    The California Court of Appeal affirmed the
convictions, and the California Supreme Court denied Fue's
petition for review on February 18, 2009.  The Antiterrorism
and Effective Death Penalty Act ("AEDPA") imposes a one-
year limitations period for filing a federal habeas corpus
petition, starting from the date that a petitioner's conviction
becomes final.  28 U.S.C. § 2244(d)(1).  Fue's convictions
became final on May 19, 2009, ninety days after the
California Supreme Court denied his petition for review on
direct appeal.

    On November 15, 2009, Fue mailed a habeas petition to
the California Supreme Court, thus tolling the limitations
period.  *See* 28 U.S.C. § 2244(d)(2).  After fourteen months,
Fue wrote to the court clerk on January 31, 2011 to inquire
about the status of his petition.  The clerk's response letter,
dated February 3, 2011, stated in full:  "This will
acknowledge receipt of your letter received February 3, 2011,
I checked our dockets and found no record of a pending
petition for writ of habeas corpus having been filed on or
about November 2009."   In fact, the California Supreme
Court had received the petition and denied it on May 20,
2010, six months after it was filed.  Fue alleges that the court
never notified him that it denied his petition.

    After consulting his lawyer about what to make of the
clerk's response letter, Fue mailed a federal habeas petition
to the United States District Court for the Central District of
California on March 7, 2011.  Fue's petition noted that he had

filed a state habeas petition in the California Supreme Court, but that he did not have a docket number and was "waiting for a response still." The State filed a motion to dismiss the petition as barred under AEDPA's one-year statute of limitations, arguing that the limitations period started running again after the denial of Fue's state habeas petition on May 20, 2010 and expired on November 20, 2010. Fue claims that the State's motion to dismiss was the first notice he ever received that the California Supreme Court had denied his state habeas petition. The district court dismissed Fue's petition as untimely, rejecting his contention that he was entitled to equitable tolling. Fue appealed, and a panel affirmed the district court in a divided decision. *See Fue v. Biter*, 810 F.3d 1114 (9th Cir. 2016). We granted rehearing en banc, — F.3d — (9th Cir. 2016), and now reverse.

## II

"We review *de novo* the dismissal of a petition for writ of habeas corpus on statute of limitations grounds." *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). In reviewing a motion to dismiss a habeas petition as untimely, we "accept[] the facts as alleged" by the petitioner. *See Huizar v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001). Taking these facts as true, "we review *de novo* whether the statute of limitations should be equitably tolled." *Corjasso*, 278 F.3d at 877 (quoting *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999)).

## III

A habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). We have previously held that a petitioner's lack of knowledge that his state habeas petition has been denied can constitute an extraordinary circumstance that prevents timely filing. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). For purposes of this appeal from a motion to dismiss, the State does not contest that the California Supreme Court failed to notify Fue that it denied his state habeas petition. Rather, the State contends that Fue failed to pursue his rights diligently by waiting fourteen months to contact the court about the status of his case. For the reasons outlined below, we disagree.

## A

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (citations omitted). Reasonable diligence requires only "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). "To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." *Id.* at 1013.

As with other equitable considerations, determining whether a petitioner acted with reasonable diligence is a fact-specific inquiry. *Holland*, 560 U.S. at 649–50; *Busby*, 661 F.3d at 1011. This is "not the arena of bright-lines and dates certain." *Busby*, 661 F.3d at 1015. We are guided by "decisions made in other similar cases . . . with awareness of

the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 560 U.S. at 650.

One such similar case is *Huizar v. Carey*, 273 F.3d 1220 (9th Cir. 2001). In that case, a petitioner requested equitable tolling of AEDPA's limitations period when he mailed a habeas petition to the California Superior Court, but the petition was never received. *Huizar*, 273 F.3d at 1222. He wrote the court two months after mailing the petition to inquire about the status of his case but received no response. *Id.* He then waited another twenty-one months before contacting the court again. *Id.* In assessing whether the petitioner acted with reasonable diligence, we stated that twenty-one months is "not an unusually long time to wait for a court's decision." *Id.* at 1224.

The conclusion that twenty-one months, and by inclusion fourteen months, is "not an unusually long time to wait for a court's decision" applies with extra force in the context of the present case. The petitioner in *Huizar* filed his habeas petition in the California Superior Court, whereas Fue filed his petition in the California Supreme Court. The California Rules of Court require the Superior Court to render a decision on a habeas petition within sixty days and provide a process for a petitioner to request a ruling if his petition is not resolved within that time. Cal. R. Ct. 4.551(a)(3). The California Supreme Court has no such time limit for ruling on habeas petitions, and its rules require it to "promptly" notify parties when it renders a decision. Cal. R. Ct. 8.532(a). In other words, the Superior Court rule invites petitioners to follow up on their habeas petitions, but the Supreme Court has adopted a "don't call us; we'll call you" policy. This difference may explain why the petitioner in *Huizar* made

contact with the court just two months after mailing his petition. It may also explain why Fue did not think he needed to contact the court earlier than he did. Fue could reasonably have expected to be notified once the California Supreme Court ruled on his petition. His decision to contact the court after fourteen months, "not an unusually long time to wait for a court's decision," actually shows his diligence, not a lack thereof.

Similar cases from other circuits illustrate application of the same principles and the case-specific nature of the determination. The Sixth Circuit, noting that "it is a difficult, if not impossible endeavor, [for litigants] to estimate how long a reviewing court will take to decide a particular motion," held that a pro se petitioner who waited nine months before contacting the court about his case acted with reasonable diligence. *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002). The Fifth Circuit held that an eleven-month delay in contacting the court was reasonable "given [the petitioner's] prisoner and pro se status and the fact that the [court] had the legal duty to notify him" when it rendered a decision, which it failed to do. *Hardy v. Quarterman*, 577 F.3d 596, 599 (5th Cir. 2009) (per curiam). And the Eleventh Circuit sanctioned a wait of over sixteen months in contacting the court when a pro se petitioner had been told that he would be notified of any decision in his case, but he never received such notice. *Knight v. Schofield*, 292 F.3d 709, 710–11 (11th Cir. 2002) (per curiam).[1] Fue, also a pro

---

[1] The Eleventh Circuit later distinguished *Knight*, holding that a sixteen-month delay in contacting the court was unreasonable when no one had explicitly told the petitioner that he could expect a notification from the court when it rendered a decision. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 n.3 (11th Cir. 2002). The court in *Drew* was

se petitioner entitled to receive notice of the state court's decision, acted diligently by contacting the court after a reasonable amount of time (here, fourteen months) had passed. *Compare Diaz v. Kelly*, 515 F.3d 149, 154–56 (2d Cir. 2008) (finding that a pro se petitioner's nine-month delay in contacting the court was reasonable where the law required the court to notify parties of its decisions, but the petitioner did not receive notice), *with LaCava v. Kyler*, 398 F.3d 271, 276–78 (3d Cir. 2005) (declining to grant equitable tolling after a twenty-one month delay in contacting the court where the petitioner was represented by counsel and not entitled to personal notice of the court's decision), *and Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (same, twenty-four months).

B

The State would have us distinguish *Huizar* because the petitioner in that case engaged in a "steady stream of correspondence" with the court, 273 F.3d at 1224, while Fue wrote the California Supreme Court only once. We first note that, contrary to the State's assertion, *Huizar* did not establish a requirement that habeas petitioners maintain a "steady stream of correspondence" with the court. We merely observed in *Huizar* that the petitioner had made multiple attempts to contact the court, which tended to show his diligence. *Id.* The petitioner in *Huizar* contacted the court

---

reviewing for clear error, *id.* at 1283, 1289–90, while our review at this stage of the litigation is de novo. Nevertheless, it strikes us that "Drew had every reason to expect that the court would notify him once it ruled on his petition; every litigant knows that the court is supposed to inform the parties when a result has been reached." *Id.* at 1300 (Barkett, J., dissenting).

three times after mailing his petition—once after two months, again twenty-one months later, and again five months after that. *Id.* Such repeated correspondence made sense in *Huizar* because habeas petitioners in the California Superior Court have an avenue for requesting a ruling if the court does not provide one within sixty days. *See* Cal. R. Ct. 4.551(a)(3)(B). There is, however, no reason to require petitioners filing in the California Supreme Court, which promises to promptly notify parties when it renders a decision, *see* Cal. R. Ct. 8.532(a), to make early and frequent inquiries with the court about the status of their petitions. We do not require petitioners to engage in such "overzealous or extreme" conduct to show their diligence. *Busby*, 661 F.3d at 1015.

We also doubt that the California Supreme Court would welcome the flood of status-update requests that would likely follow were we to require all habeas petitioners to engage in a "steady stream of correspondence" with the court to show their diligence. In most cases, a state court will notify petitioners when it has reached a decision. A rule requiring petitioners to seek early and frequent updates would be a waste of time for petitioners and a heavy administrative burden for state courts. *See Diaz*, 515 F.3d at 155 ("We see no point in obliging a *pro se* litigant to pester a state court with frequent inquiries as to whether a pending motion has been decided, at least until a substantial period of time has elapsed."); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1299 n.10 (11th Cir. 2002) (Barkett, J., dissenting) ("If litigants were required to inquire about the status of their case before giving the court a reasonable period to reach a decision and notify them of the result, court personnel would be faced with a substantial administrative burden.").

C

Ordinarily, a petitioner must act with reasonable diligence both before and after receiving delayed notice that the state denied his habeas petition. *See Miller*, 305 F.3d at 496 (considering whether a petitioner acted diligently "both before and after receiving notice"). In this case, the parties disagree over when Fue received notice that his state habeas petition had been denied. Fue alleged that he first learned that the California Supreme Court had actually denied his petition when he received the State's motion to dismiss his federal habeas petition. The State counters that Fue received notice of the denial in the clerk's letter of February 3, 2011.

On the record before us, we disagree with the State. The clerk's letter informed Fue that the clerk "*found no record* of a pending petition for writ of habeas corpus having been filed on or about November 2009." (Emphasis added.) Far from putting Fue on notice that his petition had been denied, the clerk's letter could be read to suggest that the court never received Fue's petition. Fue, for his part, "did not know what to think of" the letter and ultimately decided to file a federal habeas petition immediately. In the questionnaire attached to his federal petition, he indicated that he was still "waiting for a response" from the California Supreme Court on his state habeas petition and wrote "N/A" for the date of decision in that matter. He also checked "Yes" on the questionnaire when asked if he had "any petitions now pending (i.e., filed but not yet decided) in any state or federal court," and provided the details of his state habeas petition when asked to explain. We agree with Fue that, whatever the letter meant, it did not give notice that Fue's petition had been denied.

Even if the clerk's letter had been sufficient to notify Fue that the California Supreme Court had denied his petition, Fue acted with the requisite post-notice diligence. Fue thought he would have three months after a denial of his state petition to file a federal petition. (He actually had six months, but his appellate lawyer miscalculated.) Fue filed his federal petition within thirty-two days of receiving the clerk's letter—well within the time he thought he had remaining. During those thirty-two days, Fue was in contact with his lawyer and deciding how to proceed in light of the clerk's letter. Fue's actions show that he made "the effort that a reasonable person might be expected to deliver under his . . . particular circumstances." *Busby*, 661 F.3d at 1015.

## D

The State cites cases in which we have stated that "[t]he petitioner must additionally show . . . that the 'extraordinary circumstances ma[de] it impossible to file a petition on time.'" *Ramirez*, 571 F.3d at 997 (second alteration in original) (citation omitted); *see also, e.g.*, *Randle v. Crawford*, 604 F.3d 1047, 1057 (9th Cir. 2010) (stating that equitable tolling applies only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" (emphasis and citation omitted)); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (same); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (same). At the conclusion of Fue's direct appeal in state court, Fue had exhausted his state remedies for all three grounds for relief raised in his federal habeas petition. Fue postponed filing his federal habeas petition, however, so that he could exhaust one additional claim. That additional claim was the subject matter of the state habeas petition before the California Supreme Court. Because Fue did not raise the additional

claim in his federal habeas petition, the State argues that the delayed notice was not the cause of Fue's untimeliness, as Fue could have filed the instant petition raising only previously exhausted claims on the first day of AEDPA's limitations period.

Technically, the State is correct that it would not have been *impossible* for Fue to file his federal petition raising only previously exhausted claims within the limitations period. But "as we have previously said, the 'impossibility' requirement should not be strictly imposed because 'imposing extraordinarily high evidentiary standards on pro se prisoner litigants—who have already faced an unusual obstacle beyond their control during the AEDPA limitation period—runs against the grain' of our precedent." *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013) (quoting *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002)). The word "impossible" crept into our jurisprudence before the Supreme Court's decision in *Holland*, which stressed "flexibility" and a disdain for "mechanical rules." 560 U.S. at 650 (citation omitted). Our post-*Holland* cases "have applied this 'impossibility' standard leniently, rejecting a literal interpretation." *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014). To the extent that we have required that petitioners must demonstrate that it was "impossible" to file a timely petition, such a requirement is inconsistent with *Holland*'s requirement that a habeas petitioner demonstrate only "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted).

IV

All of the above discussion assumes, as we must in reviewing a grant of a motion to dismiss, that Fue's allegations are true. *See Huizar*, 273 F.3d at 1224. Fue's indication in his federal habeas petition that the California Supreme Court had not yet decided his case supplies strong evidence that Fue did not receive notice of the denial, as does the very fact that he found it necessary to ask the California Supreme Court for a status update. But the district court made no factual findings with respect to this issue, and the State has not yet had the chance to contest Fue's claims. Accordingly, we reverse the district court's order granting the State's motion to dismiss and remand the case for further factual development. If the district court finds the facts to be as Fue claims, "it shall deem his petition timely and consider it on the merits." *Id.*

**REVERSED and REMANDED.**