**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN M. ALCARAZ,<br><br>            Petitioner-Appellant,<br><br>v.<br><br>BRIAN WILLIAMS, Warden; and ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>            Respondents-Appellees. | No. 15-15268<br><br>D.C. No.<br>2:13-cv-00818-JCM-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued October 21, 2016; Resubmitted November 17, 2016
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and O'CONNELL,[**] District Judge.

Petitioner Juan M. Alcaraz appeals the district court's dismissal of his

habeas petition as untimely. Taking Petitioner's allegations as true and reviewing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Beverly Reid O'Connell, United States District Judge for the Central District of California, sitting by designation.

de novo whether equitable tolling applies, <u>Fue v. Biter</u>, No. 12-55307, 2016 WL 6803045, at *2 (9th Cir. Nov. 17, 2016) (en banc), we reverse and remand.

Petitioner has demonstrated "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[D]etermining whether a petitioner acted with reasonable diligence is a fact-specific inquiry." <u>Fue</u>, 2016 WL 6803045, at *2.

Petitioner's lawyer had abandoned him, Petitioner had no access to his case file, and he diligently contacted the state court at regular intervals less than a year apart: in August 2011, April 2012, October 2012, and December 2012. <u>See</u> <u>id.</u> (reaffirming that "twenty-one months is not an unusually long time to wait for a court's decision" (internal quotation marks omitted)). Once he learned of the state court's decision, he diligently sought to obtain his case file—by contacting his lawyer and the state court. <u>See, e.g.</u>, <u>Ramirez v. Yates</u>, 571 F.3d 993, 998 (9th Cir. 2009) ("[I]t is unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file." (internal quotation marks omitted)); <u>Spitsyn v. Moore</u>, 345 F.3d 796, 801 (9th Cir. 2003) ("But without the file, which [the lawyer] still possessed, it seems unrealistic to expect [the prisoner] to prepare and file a meaningful petition

2

on his own within the limitations period."); accord <u>Gibbs v. Legrand</u>, 767 F.3d 879, 889 (9th Cir. 2014); <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1027–28 (9th Cir. 2005).  Unlike the petitioner in <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008 (9th Cir. 2009), Petitioner has been (so far as the record reveals) fully cooperative, affirmatively active in seeking his legal files, and unable to review any part of his files.  Petitioner had miscalculated his federal due date but he "filed his federal petition . . . well within the time he thought he had remaining." <u>Fue</u>, 2016 WL 6803045, at *4.

**REVERSED and REMANDED.**