MEMORANDUM **
Jesse Bobadilla appeals from the district court’s order dismissing his federal habeas petition as untimely. This Court granted Bobadilla’s request for a certificate of ap-pealability on the following question: “whether the district court properly determined that the petition was barred by the statute of limitations, including whether appellant is entitled to equitable tolling.” ER 1. We have jurisdiction under 28 U.S.C. § 1291 and § 2253, and we affirm the judgment of the district court.
Bobadilla was convicted by a jury of murder and other crimes, and sentenced to 50 years to life in prison on April 4, 2008. The California Supreme Court denied Bo-badilla’s counseled petition for review on November 2, 2011. Counsel, however, did not inform Bobadilla of the California Supreme Court decision until more than a year later, on November 17, 2012, when counsel returned Bobadilla’s records to him. In his letter of November 17, 2012, counsel advised Bobadilla that the deadline to file a federal habeas petition was January 31,2013.
It is undisputed that the statute of limitations for Bobadilla to petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 expired on January 31, 2013, one year after the deadline for petitioning the Supreme Court of the United States for a writ of certiorari had expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). It is also undisputed that Bobadilla did not file a habeas corpus petition in federal court until November 7, 2013. Bo-badilla claims equitable tolling of the running of the limitations period by reason of his counsel’s failure to inform him of the denial of his petition for review by the California Supreme Court until November 17, 2012, some 54 weeks after the California Supreme Court issued its ruling.
To be entitled to equitable tolling of the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), a habeas petitioner must show “ ‘(1) that he has been pursuing his rights diligently, and (2) that some *601 extraordinary circumstances stood in his way' and prevented timely filing.” Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). While we find that the inexcusable delay by counsel to inform Bobadilla of the California Supreme Court ruling constitutes an extraordinary circumstance, we conclude that Bobadilla did not act with the requisite diligence'to warrant equitable tolling.
We note that the law of this Court concerning the diligence required of a federal habeas petitioner is somewhat in tension. As this Court observed in Luna v. Kernan, 784 F.3d 640 (9th Cir. 2015), we adopted a “stop clock” approach for equitable tolling claims in Gibbs v. Legrand, 767 F.3d 879 (9th Cir. 2014). Under a pure stop-clock approach, “[tjhere is no need to show diligence after the extraordinary circumstances have ended.” Luna, 784 F.3d at 651. However, in Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003), we required a petitioner to show diligence through the time of filing, even after the extraordinary circumstance dissolved. And more recently, we observed that “[ojrdinarily, a petitioner must act with reasonable diligence both before and after receiving delayed notice that the state denied his habeas petition.” Fue v. Biter, 842 F.3d 650, 656 (9th Cir. 2016) (en banc) (emphasis added; citation omitted). Thus, “under current circuit law, we must apply both the diligence-through-filing requirement imposed by Spitsyn and the stop-clock approach adopted in Gibbs.” Luna, 784 F.3d at 651-52.
Here, we conclude that after learning of his counsel’s omission, Bobadilla did not act with reasonable diligence through filing. Seventy-five days before AEDPA’s limitations period was set to expire, Boba-dilla’s counsel informed Bobadilla of his omission and alerted Bobadilla that the deadline to file a federal habeas petition was January 31, 2013. Despite receiving this information, Bobadilla took no action prior to November 7, 2013.[1] When Boba-dilla did eventually file his federal habeas petition, the petition amounted to word-for-word recitations of the “Argument” headings from the table of contents of his petition for review to the Supreme Court of California, which was in Bobadilla’s possession since September 26, 2011. This delay of more than eleven months after receiving his case file and notice of his federal habeas deadline demonstrates that Bobadilla did not act with the requisite diligence through the time of filing his federal habeas petition. See Doe v. Busby, 661 F.3d 1001, 1012-13 (9th Cir. 2011) (“The purpose of requiring a habeas petitioner to show diligence is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner’s own doing, which caused the failure to timely file.”). Accordingly, we conclude that Bobadilla is not entitled to equitable tolling.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. On February 15, 2013, after the statute of limitations to seek federal habeas relief had expired, Bobadilla sent by mail to the Los Angeles Superior Court, a state habeas petition. Bobadilla filed another petition in state court on October 29, 2013, which was denied on November 21, 2013. These state court petitions, however, do not indicate that Bobadilla was pursuing his federal rights diligently. See Holland, 560 U.S. at 649, 130 S.Ct. 2549.