NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAMILLE BYLO LEWIS, | No.    15-16797 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-00757-MMD-VCF |
| v. | |
| STATE OF NEVADA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted May 15, 2017
San Francisco, California

Before:  McKEOWN and MURGUIA, Circuit Judges, and RUFE,[**] District Judge.

Petitioner Camille Bylo Lewis appeals the district court's dismissal of her habeas petition as untimely. This Court granted Lewis' request for a certificate of appealability on the following question: "whether the district court properly determined that the first amended petition was barred by the statute of limitations."

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253, and we reverse and remand.

1. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we review de novo "[t]he dismissal of a petition for writ of habeas corpus as time-barred[.]" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Review of the district court's application of the relation-back doctrine under Federal Rule of Civil Procedure 15(c) is also de novo. *Williams v. Boeing Co.*, 517 F.3d 1120, 1132 (9th Cir. 2008). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *see also* Fed. R. Civ. P. 15(c). Claims brought in an amended petition for a writ of habeas corpus relate back to the original petition if they arise out of "a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659.

2. Here, the district court properly concluded that Lewis' First Amended Petition could not relate back to her "Notice of Appeal" because the Notice of Appeal contained no factual allegations, no claims, and no requests for relief. Although a pro se habeas petition is "given the benefit of liberal construction," *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), even "a liberal

2

interpretation . . . may not supply . . . [a] claim that [was] not initially pled," *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, the Notice of Appeal's bare reference to a "final judgment/order issued by the Nevada Supreme Court entered the 26th day of July, 2012," without more, was insufficient to incorporate by reference her ineffective assistance of counsel claim put forth in her state habeas proceedings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is *an exhibit to a pleading* is part of the pleading for all purposes." (emphasis added)); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

3.      We also review de novo whether equitable tolling applies. *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (en banc). To be entitled to equitable tolling of the one-year limitations period AEDPA imposes, a habeas petitioner must show "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). We conclude that Lewis has sufficiently established that both prongs of the equitable tolling analysis are met in this case.

4.      Lewis filed her "Notice of Appeal" more than 90 days before her one-year AEDPA deadline. Although this filing was deficient as a habeas petition, the district court accepted her filing and did not respond to Lewis in any way for over

3

one year due to an "atypical and anomalous administrative error."[1] This unexplained error on the part of the district court not only reasonably led Lewis to believe that her filing was not deficient, but it cost Lewis valuable time that she would otherwise have had to file a proper habeas petition. *Cf. Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) (holding that a district court's improper dismissal—combined with the court's loss of the original petition—was an "extraordinary circumstance" warranting equitable tolling). Accordingly, we conclude that the district court's administrative error, coupled with its failure to take any action for over a year, constitutes an extraordinary circumstance.

5.    We also conclude that Lewis acted reasonably diligently under the circumstances. *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"). Lewis mailed in what she believed was a sufficient habeas petition, did not receive any notice that her filing was deficient, and did not again inquire about the status of her case for 15 months.  We conclude that Lewis was reasonably diligent under the circumstances. *See Huizar v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001)

---

[1] The district court appears to have opined that this administrative error was due to the deficiencies in Lewis' initial filing, but it did not conclusively determine how Lewis' filing became docketed as a "miscellaneous statutory action" that went unaddressed for more than one year. We find no reason to afford the district court's theory any deference, as Lewis' Notice of Appeal was clearly sent by a prisoner challenging a decision of the Nevada Supreme Court and her "sentence upheld."

(stating without reservation that 21 months is "not an unusually long time [for a prisoner] to wait for a court's decision").

**REVERSED and REMANDED.**