NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARISSA SCHUSTER, | No.   16-15604 |
| Petitioner-Appellant, | D.C. No. 1:12-cv-01482-AWI-SAB-HC |
| v. | |
| DEBORAH K. JOHNSON, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted May 15, 2017
San Francisco, California

Before:  McKEOWN and MURGUIA, Circuit Judges, and RUFE,[**] District Judge.

Petitioner Larissa Schuster appeals the district court's dismissal of her

habeas petition as untimely. The district court granted Schuster's request for a

certificate of appealability on the following question: "whether some extraordinary

circumstance prevented Petitioner from timely filing her federal habeas petition

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

such that equitable tolling is warranted." ER 341. We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253. For the reasons that follow, we reverse and remand.

1. We review de novo whether equitable tolling is warranted under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (en banc). To be entitled to equitable tolling of AEDPA's one-year limitations period, a habeas petitioner must show "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). While simple miscalculation of a filing deadline by counsel is not grounds for equitable tolling, *id.* at 651-52, "egregious attorney misconduct of all stripes may serve as a basis for equitable tolling," *Luna v. Kernan*, 784 F.3d 640, 649 (9th Cir. 2015). Furthermore, "[a] number of circuits, including ours, have held that affirmatively misleading a petitioner to believe that a timely petition has been or will soon be filed can constitute egregious professional misconduct." *Luna*, 784 F.3d at 647.

2. The one-day-late filing in this case was due to case mismanagement that "transcend[ed] garden variety negligence and enter[ed] the realm of 'professional misconduct[.]'" *Id.* at 646. The conduct of the organization Petitioner retained to handle her habeas petition was "'far enough outside the range of

2

behavior that reasonably could be expected' in the typical case that [it] may be regarded as 'extraordinary.'" *Id.* at 648 (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)). The organization affirmatively misled Schuster to believe that a licensed attorney would file her petition and do so on time. In reality, the organization was grossly mismanaged and none of its attorneys ever filed her petition. *See* ER 267. Instead, on the eve of the deadline, the organization recruited Schuster's trial counsel—whose alleged ineffective assistance was in part the subject of the habeas petition—to finalize and file the petition. ER 80. Schuster stated that, but for the organization's continued false assurances, she would have filed the petition herself. ER 267.

3.    Considering collectively the actions of the organization handling Schuster's case, *Luna*, 784 F.3d at 647, Schuster has shown egregious conduct constituting extraordinary circumstances that stood in her way and prevented timely filing, *Holland*, 560 U.S. at 649. Because Schuster has also shown reasonable diligence in pursuing her rights—she secured the services of the organization eleven months before her deadline and repeatedly inquired into the status of her petition—she is entitled to equitable tolling of the AEDPA deadline. *See Holland*, 560 U.S. at 653.

**REVERSED and REMANDED.**

3