MEMORANDUM **
To justify equitable tolling, Valenzuela must show that he diligently pursued his rights and that an extraordinary circumstance “stood in his way” and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), “[Sjerious instances of attorney misconduct” can create an extraordinary circumstance sufficient to justify equitable tolling. Id. at 652, 130 S.Ct. 2549; Doe v. Busby, 661 F.3d 1001, 1012-14 (9th Cir. 2011). We apply this standard leniently when a prisoner proceeds pro se. Fue v. Biter, 842 F.3d 650, 657 (9th Cir. 2016) (en banc).
The effects of Melson’s undisputed misconduct, evidenced by professional misconduct findings and an actual State Bar suspension, lingered beyond the period of his formal representation. As a result of Mel-son’s misbehavior, Valenzuela was left to *410 personally draft and. file his state habeas petition from prison, a decade after his initial conviction, without a single exhausted claim. See 28 U.S.C. § 2254(b)(1)(A). Valenzuela was entitled to adequate time to exhaust his claims in state court and prepare a federal habeas petition.
Melson’s conduct was sufficiently extraordinary to justify equitable tolling not only for the period of his representation, but also for the period (from November 6, 2008 to July 8, 2009) in which Valenzuela’s properly filed pro se petitions were pending before the California Court of Appeal and the California Supreme Court. Valenzuela’s federal filing was thus timely.
VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.