NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL EUGENE TRAVERSO, | No.    15-16605 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-00224-DLR |
| v. | |
| CHARLES L. RYAN, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted May 15, 2017[**]
San Francisco, California

Before: McKEOWN and MURGUIA, Circuit Judges, and RUFE,[***] District Judge.

Petitioner Michael Eugene Traverso appeals the district court's dismissal of

his habeas petition as time-barred. This Court granted Traverso's request for a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

certificate of appealability on the following question: "whether the district court correctly determined that appellant's 28 U.S.C. § 2254 petition is not entitled to equitable tolling of the AEDPA statute of limitations." We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253, and we affirm.

1. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we review de novo whether equitable tolling is warranted. *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (en banc). "Otherwise, findings of fact made by the district court are to be reviewed for clear error." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted).

A petitioner seeking equitable tolling of the one-year AEDPA limitations period must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must also "show that the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn*, 345 F.3d at 799 (citation omitted).

2. The parties do not dispute that Traverso's counseled habeas petition was filed after the one-year AEDPA deadline. Traverso argues that the severe impairments of an independent contractor employed by his attorney (whose duties included calculating the filing deadline) justify equitable tolling.

2

3.     The district court properly concluded that equitable tolling was unwarranted because the deadline miscalculation was a garden-variety act of negligence. (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1046 (9th Cir. 2010)). Traverso's attorney, who was responsible for reviewing the work of the independent contractor, bears responsibility for the error, and Traverso is bound by his attorney's deadline miscalculation. *See Holland*, 560 U.S. at 651-52; Model Rules of Prof'l Conduct R. 5.5 cmt. 2 (2002).

**AFFIRMED.**