**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERENA GATEB, | No. 16-16506 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-00895-JAD-GWF |
| v. | |
| JO GENTRY, Warden and ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted September 14, 2017**
San Francisco, California

Before: SILER,*** TALLMAN, and BEA, Circuit Judges.

Petitioner Serena Gateb appeals the district court's dismissal of her habeas

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

petition as untimely. The district court granted a certificate of appealability. We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253. We affirm.

1. We review de novo the dismissal of a petition for a writ of habeas corpus under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") as time-barred. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The district court's application of the relation-back doctrine under Federal Rule of Civil Procedure 15(c) is also reviewed de novo. *Williams v. Boeing Co.*, 517 F.3d 1120, 1132 (9th Cir. 2008). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). For a claim brought in an amended petition for a writ of habeas corpus to relate back to the original petition, the claim must arise out of "a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659.

2. The district court properly concluded that Gateb's amended petition did not relate back to the one-page notice of appeal she previously submitted. The notice of appeal contained no factual allegations, no claims, and no requests for relief. Even though pro se habeas petitions are "given the benefit of liberal construction," *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), this "liberal interpretation . . . may not supply . . . [a] claim that [was] not initially pled." *Ivey v. Bd. of Regents of Univ. of*

16-16506

*Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Compounding the lack of factual allegations, claims, and requests for relief, Gateb checked the box on her application to proceed *in forma pauperis* indicating that she was the "Plaintiff (filing [a civil rights lawsuit under] 42 U.S.C. § 1983)." The district court understandably construed her initial filing as a civil rights case and not a habeas petition so that her subsequent habeas petition could not relate back to her initial filing.

3. We also review de novo whether equitable tolling applies. *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (en banc). To be entitled to equitable tolling of AEDPA's one-year statute of limitations, a habeas petitioner must demonstrate "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation omitted). Gateb does not show extraordinary circumstances warranting equitable tolling. Her filings were not handled improperly or dismissed incorrectly by the district court, there was no excessive delay in the district court's actions, and even after the magistrate judge's report and recommendation, Gateb had more than a month to file a timely § 2254 petition.

**AFFIRMED**.