NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RONNIE C. BROWN,

Petitioner-Appellant,

v.

JEFF MACOMBER, Warden and JIMMY
WALKER,

Respondents-Appellees.

No.    16-56330

D.C. No.
2:08-cv-08405-SVW-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 6, 2018[**]
Pasadena, California

Before:  RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,[***] District
Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

Petitioner Ronnie Brown (Brown) appeals the district court's final judgment dismissing Brown's petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo* the dismissal of a habeas petition on statute of limitations grounds, including whether equitable tolling applies. *See Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016). A district court's findings of fact and mental competency determinations are reviewed for clear error. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). We review for an abuse of discretion a district court's determination that a petitioner is not entitled to an evidentiary hearing. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

**1.** The district court's ruling denying equitable tolling was not erroneous. A habeas petitioner is entitled to equitable tolling upon showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Fue*, 842 F.3d at 653 (citation and internal quotation marks omitted). The equitable tolling standard is "a very high bar, and is reserved for rare cases." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014) (citations omitted).

On September 14, 1998, Brown pled guilty to assault with a deadly weapon and was sentenced to twenty years in prison. His conviction became final sixty

2

days later, and the statute of limitations began to run on November 13, 1998. The last date for Brown to file his federal petition seeking habeas corpus relief was November 13, 1999. *See* 28 U.S.C. § 2244(d)(1)(A). Brown constructively filed his petition on December 8, 2008. Therefore, without the benefit of equitable tolling, Brown's petition was untimely by nine years.

The district court did not commit clear error when it determined that Brown failed to diligently pursue his petition and that no extraordinary circumstance prevented timely filing. Based on Brown's extensive medical record, the district court correctly found that Brown suffered from some sort of mental impairment. Indeed, Brown's medical record is replete with evidence of psychosis.

But, Brown actually filed a state habeas petition on December 6, 2007, demonstrating that on that day, he was not "prevented [from] timely filing." *See Fue*, 842 F.3d at 653. Over the course of the next year, Brown filed additional habeas petitions in state court, but did not file his federal habeas petition until December 8, 2008. Thus, even giving Brown the benefit of the doubt on equitable tolling until December 6, 2007, there was a one-year period in which he was not prevented by his mental disease from filing a federal habeas petition, and the district court therefore did not err in finding Brown's petition untimely. *See* 28 U.S.C. § 2244(d)(1)(A) (one-year statute of limitations).

3

**2.** The district court acted within its discretion when denying Brown an evidentiary hearing. "[A] district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence" where the record is amply developed. *Roberts*, 627 F.3d at 773. Consisting of over 7,000 pages, Brown's record was amply developed, and provided the district court with sufficient evidence to make an informed determination regarding Brown's mental competence. *See id*.

**AFFIRMED.**