**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL CLIFFORD YOUNG, | No. 18-56261 |
| Petitioner-Appellant, | D.C. No. |
| v. | 2:17-cv-08995-MWF-JDE |
| RAYBON JOHNSON, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 10, 2020**
Pasadena, California

Before: GOULD and R. NELSON, Circuit Judges, and COGAN,*** District Judge.

Michael Young appeals the district court's judgment denying his habeas

corpus petition as untimely under the one-year time limit in the Antiterrorism and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244. The district court concluded that although Young was entitled to eleven days of statutory tolling for the period of time during which his state habeas corpus petition was pending in the Superior Court of California, he was not entitled to equitable tolling for the approximately six-month period during which he lacked knowledge of the Superior Court's decision. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

"We review *de novo* the dismissal of a federal habeas petition as untimely, including 'whether the statute of limitations should be equitably tolled.'" *Smith v. Davis*, 953 F.3d 582, 587 (9th Cir. 2020) (en banc) (quoting *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016)). Findings of fact made by the district court are reviewed for clear error. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

AEDPA's statutory limitations period may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To meet the first element the petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim

2

in federal court." *Smith,* 953 F.3d at 598-99. The second element is met "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Id.* at 600. Such a circumstance must be "both extraordinary *and* beyond [the petitioner's] control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).

Young claimed that he was entitled to equitable tolling because he did not receive notice that the Superior Court denied his state habeas petition just eleven days after the petition was filed. A petitioner's "lack of knowledge that the state courts have reached a final resolution of his case" can constitute an extraordinary circumstance for purposes of equitable tolling if the petitioner has "acted diligently to obtain notice" of the state court's decision. *Ramirez v. Yates*, 571 F.3d 993, 997-98 (9th Cir. 2009). Young argued that his request for prison mail logs demonstrated diligence. He requested and reviewed the prison mail logs about three months after he filed his state habeas petition to confirm that the prison did not receive notice of the state court's decision. Young never contacted the Superior Court to inquire about the status of his petition. After checking the prison mail logs, Young waited another three months before filing his federal habeas corpus petition.

On this record, Young has not shown that he acted with sufficient diligence to obtain notice of the state court's decision. "The California Rules of Court

3

require the Superior Court to render a decision on a habeas petition within sixty days and provide a process for a petitioner to request a ruling if his petition is not resolved within that time." *Fue*, 842 F.3d at 654. The Superior Court thus "invites petitioners to follow up on their habeas petitions." *Id.* Young was aware that the Superior Court had a timeline by which it must rule on his petition, but he did not contact the Superior Court even when he believed that time had expired. By contrast, petitioners who have been found to be diligent under similar circumstances contacted the state court to check the status of their petitions at least once. *See Passalacqua v. McDonald*, 650 F. App'x 374, 375 (9th Cir. 2016); *Fue*, 842 F.3d at 654-56; *Huizar v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001). Young's review of the prison mail logs could only confirm that the prison did not receive mail containing notice of the state court's decision, and alone did not satisfy the diligence requirement.

Further, Young did not demonstrate diligence in preparing his state and federal habeas petitions throughout the limitations period. "[I]n every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court." *Smith*, 953 F.3d at 601. Young's conviction became final on October 18, 2016, ninety days after the Supreme Court of California denied his Petition for Review on July 20, 2016. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir.

4

2008). Young waited another seven months before filing his state habeas petition, and an additional six months passed before he filed his federal habeas petition. Young did not describe any efforts to prepare either petition during these periods.

Nor did Young establish that the extraordinary circumstance "stood in his way and prevented timely filing." *See Smith*, 953 F.3d at 590. Young ultimately filed his federal habeas petition six months after filing his state habeas petition even though, at that time, he still did not know that his state habeas petition had been denied months earlier. Young did not explain why he was able to file his federal habeas petition at this time, despite his continued lack of notice, but could not have timely filed it a few weeks earlier. Accordingly, Young did not establish that his lack of notice of the state court's decision prevented the timely filing of his federal habeas petition.

**AFFIRMED.**