NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD F. WEAVER, Jr.,

        Petitioner-Appellee,

v.

BRIGITTE AMSBERRY,

        Respondent-Appellant.

No.   22-35182

D.C. No. 2:16-cv-02226-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted April 20, 2023
Portland, Oregon

Before:  RAWLINSON, BEA, and SUNG, Circuit Judges.
Concurrence by Judge RAWLINSON.

Brigitte Amsberry, the Superintendent of an Oregon prison, appeals the

district court's judgment granting a writ of habeas corpus to Richard F. Weaver, Jr.,

an inmate in the custody of the State of Oregon.  Amsberry argues that the district

court's decisions which (1) granted equitable tolling of the statute of limitations for

Weaver's claim, and (2) granted relief on Weaver's claim of ineffective assistance

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of counsel, were erroneous. The parties are familiar with the facts and procedural history, so we do not recite them here. For the reasons stated below, we affirm.

1. We review the district court's decision to grant equitable tolling de novo. *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (en banc). However, any underlying determinations of fact are reviewed for clear error. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999); *see also United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc) ("[W]e will affirm a district court's factual finding unless that finding is illogical, implausible, or without support in inferences that may be drawn from the record." (footnote omitted)). In the same way, the district court's decision to grant a writ of habeas corpus is reviewed de novo and any underlying factual determinations are reviewed for clear error. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004).

2. We affirm the district court's grant of equitable tolling of the statute of limitations. The diligence required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (quotation marks omitted) (citing *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)). The court must assess "a petitioner's diligence before, during, and after the extraordinary circumstance existed." *Smith v. Davis*, 953 F.3d 582, 589 (9th Cir. 2020) (en banc). We have said that "bright-lines" are generally not appropriate in the equitable tolling inquiry, *see Fue*, 842 F.3d at 654 (quoting *Doe v. Busby*, 661

2

F.3d 1001, 1015 (9th Cir. 2011)), and that the equitable tolling analysis must be a "fact-specific inquiry," *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir. 2020) (en banc).

Under most factual conditions, "reasonable diligence" will not require a petitioner to expend significant effort to prepare a federal post-conviction petition during the pendency of his state post-conviction proceeding. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (analyzing equitable tolling with an assessment of the petitioner's diligence before and after the state post-conviction proceedings, but not during the proceedings); *Gibbs v. Legrand*, 767 F.3d 879, 890 (9th Cir. 2014) (holding that a petitioner should not be required to "proceed on a dual track with his own petition" in both state and federal courts (quoting *Busby*, 661 F.3d at 1014)).

First, the district court did not clearly err in finding that "reasonable diligence" does not require an inmate to begin preparation of a federal petition during the pendency of state post-conviction proceedings because, if the state courts rule in the inmate's favor, the preparation of a federal petition would have been a waste of time and effort. *See Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas corpus case).

Second, the district court did not clearly err in finding that "reasonable diligence" does not require an inmate to begin preparation of a federal petition during the pendency of state post-conviction proceedings because a federal petition must be

3

based on what happened in the state post-conviction proceedings. A federal petitioner must allege in his petition that the state proceedings either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see Brown v. Payton*, 544 U.S. 133, 141 (2005). Thus, the basis of a federal petition does not exist until the state proceedings reach their conclusion. It would not be reasonable to require an inmate to predict the result of pending state proceedings to prepare a federal petition.

We therefore find no clear error in the district court's factual finding that Weaver exercised reasonable diligence in the preparation and filing of his federal petition, even though Weaver did not expend significant efforts to prepare his federal petition during the pendency of his state post-conviction proceedings. We therefore affirm the district court's order granting equitable tolling of the statute of limitations.

3.      We also affirm the district court on the merits of Weaver's claim. The state court found that "Obert did not talk to any of the fact witnesses, did not talk to the State's expert witnesses and did not talk directly to Dr. Gordon." The state court also found that "Obert did not subpoena nor make any other arrangements for Dr. Gordon to testify." The state court recognized that Obert rendered deficient

4

performance "in failing to subpoena or otherwise arrange for the testimony of Dr. Gordon at trial."[1]  However, the state court ruled against Weaver on the prejudice prong of the ineffective assistance analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), holding that "there is no evidence that [Weaver] was aware that Dr. Gordon was not available to testify at trial.  Thus there is no evidence that Dr. Gordon's absence for trial had any impact on the guilty plea."[2]

However, the evidence clearly demonstrates that this conclusion is erroneous: Obert's lack of preparedness was, in fact, readily apparent to Weaver.

---

[1] Weaver also alleges a second theory of deficient performance.  According to Weaver, Obert told Weaver that "the Judge and the DA weren't going to allow [Weaver's diminished capacity defense] and didn't want to hear it."  Because the state courts refused to address this portion of Weaver's claim, it was within the district court's province to conduct a *de novo* review.  *Porter*, 558 U.S. at 39; *Rompilla*, 545 U.S. at 390.  The question would then turn to whether Weaver's allegations are credible.  That credibility determination should generally be made in the context of an evidentiary hearing in the district court.  *See Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).  But we need not decide whether the district court should have held an evidentiary hearing on this issue because habeas relief is merited on other grounds, as explained above the line.

[2] In assessing the prejudice to the defendant, the court asks whether the outcome of the proceeding would have been different.  "[W]here [the habeas petitioner] pleaded guilty and no trial occurred, [the petitioner] is not required to show that he would have fared better at trial to prove prejudice.  Rather, [the petitioner] must demonstrate that absent his attorney's incompetence, [the petitioner] would 'rationally' have 'rejected the plea bargain' and would 'either have gone to trial or received a better plea bargain' instead."  *United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022) (quoting *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015)) (alterations adopted).

The record evidence shows that Weaver understood Obert's lack of preparedness through Weaver's numerous unreturned phone calls to Obert's office and complaints to the trial judge regarding Obert's lack of preparatory communication; through Weaver's repeated suggestions that Obert should be fired for his lack of preparation; through his statements to his mother prior to trial, which indicated that Weaver was "very worried because Mr. Obert never talked to him about Dr. Gordon or anything Mr. Howell had prepared"; and through Weaver's testimony that Obert's lack of preparedness had caused Weaver to feel "super-stressed out and crazy" on the day of trial. Further, Howell had told Weaver that Dr. Gordon would need to see Weaver again before trial, and even Obert had suggested in his first meeting with Weaver that another meeting between Dr. Gordon and Weaver would be necessary, but Weaver never saw Dr. Gordon again prior to trial and never received any follow-up from Obert regarding the possibility of Dr. Gordon testifying at trial.

The state court's hyper-technical assessment of prejudice was an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown*, 544 U.S. at 141. The record mandates a different conclusion: Obert's failure to conduct any preparation for trial was readily apparent to Weaver, including Obert's failure to prepare Dr. Gordon for trial and to secure Dr. Gordon's attendance at trial.

6

4. The question then turns to whether Weaver would have gone to trial in the hypothetical scenario where Obert had properly prepared for trial. When we conduct this analysis, "we are limited to evidence contemporaneous to the guilty plea." *See United States v. Rodriguez*, 49 F.4th 1205, 1214 (9th Cir. 2022). That is, we cannot accept Weaver's testimony in post-conviction proceedings regarding what he would have done in that hypothetical scenario.

Nonetheless, Weaver's intent to go to trial is obvious from the record. Testimony from Obert, Weaver, Howell, and Weaver's mother demonstrates that Weaver was adamant on proceeding to trial. In fact, Weaver's actions demonstrate an enthusiasm for his diminished-capacity defense. When Obert presented the possibility of a plea agreement for 180 months of incarceration, Weaver rejected this option. Obert's notes from the morning of trial indicate that Weaver was "prepared for trial—w[ith]o[ut] ques[tion]." Obert relayed to Weaver a plea offer from the prosecution which would result in Weaver being sentenced to 300 months of incarceration, but Weaver rejected this offer and told Obert that he wanted to go to trial.

On this record, it is clear that Obert's performance was the difference between Weaver pleading guilty and proceeding to trial. Thus, both the deficient performance and prejudice prongs of *Strickland* are met, and Weaver is entitled to

relief on his claim of ineffective assistance of counsel. *See Lee v. United States*, 137 S. Ct. 1958 (2017).

**AFFIRMED.**



***Weaver v. Amsberry*, Case No. 22-35182**
**Rawlinson, Circuit Judge, concurring in the result:**

I concur in the result.